**Samuel L. EMANUEL,**
**Plaintiff–Appellant,**
**Cross–Appellee,**

**v.**

**AMERICAN CREDIT EXCHANGE,**
**Defendant–Appellee,**
**Cross–Appellant.**

**Nos. 534, 666, Dockets 88–7717, 88–7757.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 12, 1989.

Decided March 16, 1989.

Clifford Forstadt, UAW–Chrysler Legal Services Plan, Syracuse, N.Y. (O. Randolph Bragg, UAW–GM Legal Services Plan, Newark, DE, of counsel), for plaintiff-appellant, cross-appellee.

Sidney P. Cominsky, Syracuse, N.Y. (Joel N. Melnicoff, Syracuse, N.Y., of counsel), for defendant-appellee, cross-appellant.

Before KAUFMAN, VAN GRAAFEILAND and MINER, Circuit Judges.

MINER, Circuit Judge:

This is an appeal from a summary judgment of the United States District Court for the Northern District of New York (Cholakis, J.) dismissing the claim asserted by plaintiff-appellant Samuel L. Emanuel under the Fair Debt Collection Practices Act ("FDCPA" or the "Act"), 15 U.S.C. §§ 1692–1692o (1982 & Supp. IV 1986), and the counterclaims of defendant-appellee American Credit Exchange ("American Credit") for malicious prosecution. Emanuel claimed that a letter he received from American Credit in connection with a debt he allegedly owed his landlord violated 15 U.S.C. § 1692e(11) because it failed to disclose that it was a communication made to collect a debt and that any information obtained would be used for that purpose.

The district court held that the letter indicated clearly that it was intended to collect a debt, and that because no information was requested, the letter did not have

to advise Emanuel that any information obtained would be used. It seems clear to us, however, that the language of section 1692e(11) requires that a debt collection letter disclose that any information provided by the letter's recipient will be used to collect the debt, even when no specific information is requested. Accordingly, we reverse the judgment dismissing Emanuel's claim and remand the matter to the district court to calculate costs and attorney's fees, to which Emanuel is entitled under 15 U.S.C. § 1692k(a)(3). We affirm the dismissal of the counterclaims as well as the denial of the Rule 11 sanctions sought by American Credit.

## BACKGROUND

American Credit, a debt collection agency, sent Emanuel a letter in January 1987 demanding payment of the sum of $534.49 owed to Tudor Townhouses. The collection letter stated merely that Emanuel's "past due account" in the amount of $534.49 had been referred to the agency "for immediate collection," and advised Emanuel that "to insure proper credit all payments must be made to" American Credit's Syracuse office. The sum demanded represented the amount allegedly owed by Emanuel to his landlord, Tudor Townhouses, for past-due rent and damage to property.

Emanuel refused to pay and, on January 20, 1988, commenced this action, alleging a violation of 15 U.S.C. § 1692e(11). In the district court, Emanuel claimed that the letter failed to disclose clearly that it was a communication to collect a debt and that any information obtained from Emanuel would be used to collect that debt. Emanuel sought statutory damages of $1,000, costs and reasonable attorney's fees. *See* 15 U.S.C. § 1692k. American Credit counterclaimed, citing the willful, malicious and frivolous nature of Emanuel's suit and seeking $10,000 damages, $30,000 in "treble punitive damages," costs, and reasonable attorney's fees.

Emanuel moved to dismiss the counterclaims pursuant to Fed.R.Civ.P. 12(b)(6) or, alternatively, for summary judgment pursuant to Fed.R.Civ.P. 56(b) dismissing the counterclaims. Emanuel also moved for summary judgment on the claim set forth in the complaint. In addition, he sought Rule 11 sanctions, contending that American Credit was guilty of bad faith in filing its answer and counterclaims. *See* Fed.R. Civ.P. 11. American Credit cross-moved to dismiss the complaint and for summary judgment on its malicious prosecution claims. In addition, American Credit sought attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Fed.R.Civ.P. 56(g), costs, a contempt order pursuant to Fed.R. Civ.P. 56(g), and compensatory and punitive damages for the "intentional commencement of a frivolous and worthless lawsuit, maliciously commenced."

The district court granted summary judgment dismissing the complaint and the counterclaims; it denied all other relief sought by the parties. Ruling from the bench, the court noted that the letter clearly revealed the sender's intention to collect a debt. It observed also that, because the letter sought no information concerning the debt, section 1692e's requirement that the letter disclose that any information provided would be used for purposes of collecting the debt did not apply. In concluding Emanuel's claim was "without merit," the court held "that the statute was not intended to cover a situation such as the one that is currently before the Court and it surely was not intended ... to place a sword in the hands of a debtor. It was intended to give him a shield against false, deceptive or misleading representation." The determination to dismiss American Credit's malicious prosecution counterclaims was based on a finding "that there have been no decisions directly on point interpreting the sections involved and the Court cannot say as a matter of law that the action was brought in bad faith."

On appeal, Emanuel argues that the district court failed to construe strictly the language of section 1692e when it held that the collection letter need not refer to the potential use of any information obtained from Emanuel; he also requests sanctions under Fed.R.Civ.P. 11 and Fed.R.App.P. 38. American Credit cross-appeals, again seek-

ing attorney's fees, costs, a contempt order and compensatory as well as punitive damages.

## DISCUSSION

### 1. *The Collection Letter*

The FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e. "[T]he failure to disclose clearly in all communications made to collect a debt *or* to obtain information about a consumer, that the debt collector is attempting to collect a debt *and* that any information obtained will be used for that purpose," constitutes a violation of the Act. *Id.* § 1692e(11) (emphasis added).

■ Emanuel argues that the letter sent by American Credit was deficient because it stated neither that it was a collection letter nor that any information obtained by American Credit would be used to collect the debt. American Credit, on the other hand, claims that it is clear from the face of the letter that it was intended to obtain payment of a debt, and that because no information was sought from Emanuel, it was not required to disclose that any such information, if furnished, would be used for debt collection purposes. We believe that the letter disclosed clearly that it was a communication to collect a debt. Indeed, the letter not only stated that Emanuel's account had been turned over to American Credit "for immediate collection," but it actually told Emanuel how and where to make payment so as to satisfy the indebtedness. Despite Emanuel's assertion to the contrary, there simply is no requirement that the letter quote verbatim the language of the statute.

■ We think it clear from the plain language of section 1692e(11) that the debt collector must comply with both disclosure requirements, regardless of whether any information is requested. Congress employed the disjunctive "or" when it described the types of communications covered by section 1692e(11), and the conjunctive "and" when it described the contents required for inclusion in the communications.

The Ninth Circuit's decision in *Pressley v. Capital Credit & Collection Service, Inc.*, 760 F.2d 922 (9th Cir.1985) (per curiam), cited by American Credit, is not in point. There, the court held that strict compliance with the statute was not required for a *follow-up collection letter* that did not require any information from its recipient; the court did not consider such a letter a "communication" within the meaning of section 1692e. *Id.* at 925. In the case at bar, we are presented with a different situation: The January 1987 letter was the first and only collection letter sent by American Credit to Emanuel. As a result, Emanuel had no prior notice of American Credit's interest in collecting a debt. The court in *Pressley* recognized the distinction between initial and follow-up letters when it noted that its case did not conflict with *Hulshizer v. Global Credit Services, Inc.*, 728 F.2d 1037 (8th Cir.1984) (damages awarded for failure to make required disclosures in initial collection letter). *See Pressley*, 760 F.2d at 925–26.

While we do not necessarily agree that a distinction should be made between initial and follow-up letters, *see* 15 U.S.C. § 1692e(11) ("all communications" must make the required disclosures), it is sufficient for us to hold that American Credit's letter to Emanuel violated section 1692e(11) by failing to disclose that information furnished by Emanuel would be used to collect the debt. We note in passing that our holding comports with the view of the district courts in our Circuit, *see Seabrook v. Onondaga Bureau of Medical Economics, Inc.*, 705 F.Supp. 81 (N.D.N.Y.1989); *Ayala v. Dial Adjustment Bureau, Inc.*, No. 86–315 (D.Conn. Dec. 4, 1986); *Piscatelli v. Universal Adjustment Services, Inc.*, [New Developments] Consumer Cred. Guide (CCH) ¶ 96,377, at 85,873–85,874 (D.Conn. Jan. 29, 1985).

### 2. *Relief*

■ A violation of any provision of the FDCPA entitles the debtor to: actual damages, 15 U.S.C. § 1692k(a)(1); "such additional damages as the court may allow, but not exceeding $1,000," *id.* § 1692k(a)(2)(A); and "the costs of the action, together with a reasonable attorney's fee as determined

by the court," *id.* § 1692k(a)(3). The district court, having found no violation of the Act, awarded no damages, costs or attorney's fees. We conclude that Emanuel is not entitled to actual or "additional" damages, but that, because we now find a violation, he should be awarded costs and reasonable attorney's fees in amounts to be fixed in the discretion of the district court.

Emanuel did not plead nor prove that he suffered any specific loss, and thus he is not deserving of actual damages. Considering the nature of American Credit's noncompliance with the statute and the fact that its noncompliance was neither frequent, persistent nor intentional, *id.* § 1692k(b)(1), we also think that Emanuel should not receive any "additional" damages, particularly since such damages are discretionary, *id.* § 1692k(a)(2)(A), and no actual damages have been demonstrated. However, Emanuel should be awarded costs and attorney's fees; the statute mandates such an award "in the case of any successful action," *id.* § 1692k(a)(3).

In view of the foregoing, American Credit's counterclaims are without merit. A claim for malicious prosecution cannot succeed unless the action subject of the claim is unsuccessful. Moreover, section 1692k(a)(3) permits a court to award reasonable attorney's fees and costs only upon a finding "that an action under this section was brought in bad faith and for the purpose of harassment." *Id.* Such a finding cannot be made here.

### 3. *Sanctions*

Emanuel seeks sanctions under Fed. R.Civ.P. 11 based on (i) American Credit's counterclaim allegations that Emanuel commenced this action solely to cheat American Credit's client, who is not a party to this action, and (ii) the fact that federal law does not recognize a "maliciously commenced" lawsuit as a tort. Emanuel also asks for sanctions under Fed.R.App.P. 38, contending that American Credit's cross-appeal is frivolous. Sanctions, however, are not appropriate under the circumstances presented here.

American Credit's counterclaims assert that Emanuel's malice in bringing the action was directed at American Credit, not its client, and the contention that the suit was to cheat the client may be discarded as mere rhetoric. Likewise, the state tort of malicious prosecution arguably falls within the ancillary jurisdiction of the district court, *see Ambromovage v. United Mine Workers of Amer.*, 726 F.2d 972, 988–92 (3d Cir.1984), and arguably may be pleaded in the counterclaims here, *see* 59 N.Y.Jur. 2d *False Imprisonment & Malicious Prosecution* § 57, at 318 (1987). In any event, the counterclaims may be considered as factually- and legally-based claims brought in good faith to recover costs and attorney's fees for harassment under the provisions of section 1692k(a)(3). Under such circumstances, no sanctions are warranted, either at the trial level or on appeal.

### CONCLUSION

The judgment of the district court is affirmed to the extent that it dismissed the counterclaims and denied Rule 11 sanctions, and is reversed and remanded for further proceedings consistent herewith to the extent that it dismissed the complaint. Sanctions on appeal are denied, and costs on appeal are awarded to Emanuel.