**Dean BEEMAN and Catherine Beeman, Plaintiffs,**

v.

**LACY, KATZEN, RYEN & MITTLEMAN, Defendant.**

**Civ. A. No. 94–CV–790(RSP).**

United States District Court, N.D. New York.

Feb. 22, 1995.

Clifford Forstadt, East Syracuse, NY, for plaintiffs.

Lacy, Katzen, Ryen & Mittleman, Rochester, NY, for defendant; Michael S. Schnittman, of counsel.

## *MEMORANDUM–DECISION AND ORDER*

POOLER, District Judge.

### INTRODUCTION

Defendant Lacy, Katzen, Ryen & Mittleman ("Lacy") moves pursuant to Fed. R.Civ.P. 12(b)(6) to dismiss plaintiffs' complaint for failure to state a claim upon which relief can be granted. Plaintiffs Dean and Catherine Beeman cross-move for summary judgment on liability pursuant to Fed. R.Civ.P. 56.

### BACKGROUND

Plaintiffs commenced this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA") by filing a complaint with the Clerk's office on June 21, 1994. We have jurisdiction pursuant to 15 U.S.C. § 1692k(d).

The complaint alleges that Lacy—a law firm that regularly attempts to collect debts—violated Section 1692g of the FDCPA by sending the Beemans a debt collection letter dated June 23, 1993 (the "June 23rd letter") that failed to adequately advise the Beemans of their rights and attempted to impose a shorter period for disputing the alleged debt than allowed by statute. 15 U.S.C. § 1692g(a). Section 1692g(a) states that within five days after initially communicating with a consumer in connection with the collection of a debt, a debt collector must make certain disclosures in a validation notice to the consumer regarding the consumer's rights to dispute the debt and to obtain additional information, verification, and/or a copy of a judgment. *Id.* § 1692g(a). If the consumer disputes the debt in writing or requests the name and address of the original creditor in writing within 30 days of receipt of the validation notice, then the debt collector must suspend collection until the verification or name and address are supplied. *Id.* § 1692g(b).

The June 23rd letter [1] states:

> Your unpaid account referred to above has been referred to our office for collection.
>
> Please immediately send your remittance, in the above amount, payable to Lacy, Katzen, Ryen & Mittleman, or com-

---

1. The parties agree that this letter was the first and only debt collection communication made by Lacy to the Beemans.

municate with us to explain your failure to do so.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this claim or any portion thereof, this office will assume it to be valid. If you notify us IN WRITING within 30 days of receiving this notice that the claim or any portion thereof is disputed, we will obtain evidence verifying it and mail a copy to you. If you so request IN WRITING within 30 days of receiving this notice, we will also provide you with the name and address of the original creditor involved in this claim, if different from the current creditor named above.

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Except as shown above, no part of the letter has a different type face or size from the remainder. The entire letter is on one side of a sheet of Lacy's letterhead. The caption of the letter informs the Beemans that the creditor is Kaufmann's and that the amount of the alleged debt is $249.30.

In the memorandum of law filed in support of its motion to dismiss, Lacy urges that the June 23rd letter contains every element required by 15 U.S.C. § 1692g(a) and that plaintiffs have therefore failed to state a claim on which relief can be granted. On their cross-motion for summary judgment, the Beemans claim (1) that the notice is defective because it did not inform them that they could obtain a copy of a judgment against them and (2) that the second paragraph of the June 23rd letter implies that the Beemans must contact Lacy immediately but may do so by telephone or otherwise, thus contradicting and overshadowing the validation notice contained in the third paragraph. Lacy urges that because Kaufmann's had not taken a judgment against the Beemans, the statute did not require Lacy to take the futile step of informing the Beemans that they could get a copy of a judgment.

We heard oral argument on December 5, 1994, and granted Lacy an opportunity to submit proof that Kaufmann's had not taken a judgment against the Beemans. After Lacy submitted this proof in the form of affidavits from Michael Schnittman, a member of the law firm, and Janice Wright, Kaufmann's profit and loss supervisor, we notified counsel of our intention to treat defendant's Rule 12(b)(6) motion to dismiss as a motion for summary judgment pursuant to Fed. R.Civ.P. 56 to the extent that it concerned defendant's failure to notify plaintiffs that defendant would send them a copy of a judgment upon plaintiffs' timely written demand. We also offered plaintiffs an opportunity to controvert the Wright and Schnittman affidavits. In response to this notice, plaintiffs acknowledged that Kaufmann's had not taken a judgment against them.

## DISCUSSION

### I. Standard for a Rule 12(b)(6) Motion

 A Rule 12(b)(6) motion challenges the sufficiency of the facts alleged on the face of the complaint. *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir.1991), *cert. denied* 503 U.S. 960, 112 S.Ct. 1561, 118 L.Ed.2d 208 (1992) (citing *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984)). Complaints should not be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). If the moving party brings matters outside of the complaint to the court's attention, then the motion should be considered as one pursuant to Rule 56 for summary judgment and all parties given an opportunity to submit additional pertinent materials. Fed.R.Civ.P. 12(b).

### II. Standard for a Summary Judgment Motion

 A party may move for summary judgment on all or part of a claim for relief. Fed.R.Civ.P. 56(a) and (b). Summary judgment shall enter if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The materiality of facts must be determined with reference to the governing substantive law. *Anderson v. Lib-*

*erty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

### III. Analysis

We now must apply the standards for motions pursuant to Rule 12(b)(6) and Rule 56 to the two issues this case presents: (1) whether a debt collector must notify a consumer that the consumer may obtain a copy of a judgment upon written demand made within 30 days even if no such judgment exists; and (2) whether the second paragraph of the June 23rd letter overshadows or contradicts the validation notice contained in the letter's third paragraph and thus violates Section 1692g.

### A. Notification of Judgment Availability

■ Section 1692g(a)(4) requires that the validation notice inform the consumer that "if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain *verification of the debt or a copy of a judgment against the consumer* and a copy of such verification or judgment will be mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(a)(4) (emphasis supplied). The Beemans believe that Section 1692g(a)(4) imposes an absolute obligation on debt collectors to notify consumers of their right to obtain a copy of a judgment regardless of whether the creditor has taken a judgment. The Beemans therefore contend that defendant has violated Section 1692g(a)(4) by failing to so advise plaintiffs. Lacy disagrees, claiming that it was exempt from any disclosure requirement concerning judgments because its client had not taken a judgment.

■ Because Lacy's argument requires consideration of materials outside the pleadings—the Wright and Schnittman affidavits—we treat its motion as one for summary judgment pursuant to Rule 56 rather than one pursuant to Rule 12(b)(6). Fed.R.Civ.P. 12(b). There are no factual disputes material to the legal issue presented. The parties agree that Kaufmann's took no judgment against the Beemans and that the letter sent to the Beemans did not advise them that if they disputed the debt in writing within 30 days, defendant would furnish them with a copy of the judgment.

Lacy relies on *Stojanovski v. Strobl and Manoogian, P.C.,* 783 F.Supp. 319, 324 (E.D.Mich.1992), which holds that defendant need not offer to provide a copy of a judgment which does not exist. The Beemans urge that *Stojanovski* was wrongly decided and that the requirements of Section 1692g(a)(4) must be strictly construed. They rely on two cases, *Emanuel v. American Credit Exch.,* 870 F.2d 805 (2d Cir.1989) and *Pipiles v. Credit Bureau of Lockport, Inc.,* 886 F.2d 22 (2d Cir.1989), that interpret Section 1692e(11) of the FDCPA. Section 1692e(11) provides that "the failure to disclose clearly in all communications made to collect a debt or to obtain information about a consumer, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose" constitutes a violation of the FDCPA. In *Emanuel,* the court held that Section 1692(e)(11) requires that an initial debt collection letter disclose that any information provided by the letter's recipient will be used to collect the debt even if no specific information is requested in the letter. *Emanuel,* 870 F.2d at 808. *Pipiles* applied the *Emanuel* holding to follow-up debt collection letters. *Pipiles,* 886 F.2d at 26. Plaintiffs believe that we should construe Section 1692g(a)(4) with the strictness required by the Second Circuit in interpreting Section 1692e(11) and require that debt collectors notify consumers of their right to a copy of a judgment even if there is no judgment. However, *Emanuel* and *Pipiles* do not support plaintiffs' position for several reasons.

■ First, in *Emanuel,* the court relied in part on the grammatical structure of Section 1692e(11) to find that disclosure is required even if the debt collector requests no information. *Emanuel,* 870 F.2d at 808. Because Section 1692e(11)'s grammatical structure does not parallel that of 1692g(a)(4), the court's analysis in *Emanuel* does not support the Beemans' argument. Section 1692e(11) requires that the debt collector reveal in "all communications made to collect a debt *or* to obtain information about a consumer, that

the debt collector is attempting to collect a debt *and* that any information obtained will be used for that purpose." 15 U.S.C. § 1692e(11) (emphasis added). The use of the disjunctive "or" between "all communications made to collect a debt" and "to obtain information" along with the use of the conjunctive "and" between the language "that the debt collector is attempting to collect a debt" and "that any information obtained will be used for that purpose" led the *Emanuel* court to hold that the debt collector must inform the consumer that any information he or she provides will be used to collect the debt regardless of whether information is specifically sought. *Emanuel*, 870 F.2d at 808. In contrast, Section 1692g(a)(4) states that the debt collector must disclose that if the debt is properly disputed, the debt collector "will obtain verification of the debt *or* a copy of a judgment against the consumer" and mail it to the consumer. 15 U.S.C. § 1692g(a)(4). Section 1692g(a)(4)'s use of the disjunctive "or" between "verification of the debt" and "copy of the judgment" leads to the conclusion that the debt collector is free to choose the appropriate form of verification. If a judgment exists, the debt collector should promise to provide it. If a judgment does not exist, the debt collector must promise to provide alternative verification of the debt.

Second, the strict construction of Section 1692e(11) serves a prophylactic purpose that is irrelevant to Section 1692g(a)(4). A consumer may well volunteer information in response to a debt collection letter that does not specifically request such information. Therefore, the warning required by Section 1692e(11) serves the salutary purpose of informing the consumer that this information may be used by the debt collector to collect the debt. Requiring the debt collector to inform the consumer that it will obtain and send a copy of a non-existent judgment serves no similar salutary purpose. If the debt collector is aware that there is no judgment, both clarity and the strict language of the statute suggest that it should not confuse the consumer by directly or indirectly implying that a judgment exists.

Finally, *Emanuel* itself holds that "there simply is no requirement that the letter quote verbatim the language of the statute." *Emanuel*, 870 F.2d at 808. Here, where an exact quotation of the language of the statute would confuse rather than enlighten the consumer, no policy reason supports mandating exact quotation. A plain reading of the statute as well as plain logic compel the conclusion that a debt collector can not be required to disclose that it will furnish a copy of a judgment which does not exist. Lacy is therefore granted summary judgment dismissing the Beemans' claim to the extent that it relies on Lacy's failure to advise them that if they properly disputed the debt, Lacy would obtain and send them a copy of a judgment.

### B. Overshadowing and Contradictory Language

The Beemans urge that the second paragraph of the June 23rd letter, which requests that they immediately pay their debt or communicate with Lacy to explain their failure to pay, overshadows and contradicts the validation notice contained in the third paragraph. The validation notice correctly grants the Beemans 30 days to dispute the debt but requires that they do so in writing. Lacy argues that, as a matter of law, the second paragraph of its letter does not overshadow or contradict the validation notice contained in the third paragraph. In so arguing, Lacy urges that we should require plaintiffs to show not just that the remainder of the June 23rd letter contradicts or overshadows the validation notice but also that the contradiction is a threatening one.

Section 1692g(a) requires not only that the debt collector inform the consumer of certain rights in the debt collector's first communication or within five days of that initial communication but also that the remainder of the letter containing the validation notice not contradict or overshadow the validation notice. *See Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir.1991); *Miller v. Payco–General Am. Credits, Inc.*, 943 F.2d 482, 484 (4th Cir.1991); *Swanson v. Southern Oregon Credit Ser., Inc.*, 869 F.2d 1222, 1225 (9th Cir.1988); *Russell v. Equifax A.R.S.*,

1994 WL 672648 * 2 (N.D.N.Y.1994); *Siler v. Management Adjustment Bureau,* 1992 WL 32333 * 2 (W.D.N.Y.1992); *Rabideau v. Management Adjustment Bureau,* 805 F.Supp. 1086, 1093 (W.D.N.Y.1992); *Kizer v. American Credit & Collection* 1990 WL 317475 * 2 (D.Conn.1990); *Gaetano v. Payco of Wisconsin, Inc.,* 774 F.Supp. 1404, 1410–1411 (D.Conn.1990). The court must use the least sophisticated debtor or consumer standard in determining whether the remainder of a collection letter overshadows or contradicts the required debt validation notice. *See Graziano,* 950 F.2d at 111; *Swanson,* 869 F.2d at 1225; *Russell,* 1994 WL 672648 * 2; *Siler,* 1992 WL 32333, * 2; *Rabideau,* 805 F.Supp. at 1093. *But see Gammon v. GC Services Limited Partnership,* 27 F.3d 1254, 1257 (7th Cir.1994) (adopting an "unsophisticated consumer" standard). The least sophisticated consumer standard "ensures the protection of all consumers, even the naive and trusting ... [and] protects debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices." *Clomon v. Jackson,* 988 F.2d 1314, 1320 (2d Cir.1993).

The decisions of three district courts, including one in this district, have gone beyond the contradicting or overshadowing standard articulated by the Third, Fourth and Ninth circuits and adopted a threatening contradiction standard. *See Russell,* 1994 WL 672648 at * 2–3; *Burns v. Accelerated Bureau of Collections of Virginia, Inc.,* 828 F.Supp. 475, 476 (E.D.Mich.1993); *Smith v. Financial Collection Agencies,* 770 F.Supp. 232, 237 (D.Del.1991). Because we believe these cases represent an inappropriate extension of the circuit level authority, we respectfully decline to adopt their reasoning. Of the three cases, *Smith* offers the most detailed rationale for requiring a threatening contradiction rather than simply a contradiction between the validation notice and the remainder of the letter and thus also offers the best opportunity for a critical analysis of Lacy's argument.

The *Smith* court read *Swanson* as requiring that a contradiction between the validation notice and the remainder of a debt collection letter be threatening in order to constitute a violation of Section 1692g. *Smith,* 770 F.Supp. at 237. We disagree. Although the Ninth Circuit commented that the letter it reviewed did contain a threatening contradiction this finding was not essential to its holding. *Swanson,* 869 F.2d at 1226. The court clearly stated that:

> the notice Congress required must be conveyed effectively to the debtor. It must be large enough to be easily read and sufficiently prominent to be noticed—even by the least sophisticated debtor. Furthermore, to be effective, the notice must not be overshadowed or contradicted by other messages or notices appearing in the initial communication from the collection agency.

869 F.2d at 1225 [citation omitted].

*Smith* also relied on a supposed inherent contradiction within the FDCPA. The court noted that the FDCPA allows a debt collector to both demand payment and inform the consumer of his or her validation rights in the same communication. The Court reasoned that any contradiction between the demand and information portions of the same letter must therefore be threatening in order to make it actionable. *Smith,* 770 F.Supp. at 237. The holding that a debt collector may both demand payment and provide a validation notice in the same letter is unexceptionable. However, this truism does not lead to the conclusion that there is an inherent contradiction within the FDCPA or to the conclusion that in order to be actionable, a contradiction between the validation and demand portions of the letter must be threatening. Instead, this truism leads to the conclusion that if the debt collector chooses to both demand payment and provide validation notice in the same letter, it must very clearly express to the consumer that the consumer's rights to dispute the validity of the debt and to demand verification exist despite the debt collector's right to demand payment. The debt collector can achieve the requisite clarity easily by using a transitional phrase such as "despite this demand, you may still dispute this debt" and then informing the consumer of the procedures he or she must follow. We also believe that the adoption of a threatening contradiction standard would be inconsistent with the policy reasons artic-

ulated by the Second Circuit for using a "least sophisticated consumer" standard because requiring a threatening contradiction would not protect the "naive and trusting." *Clomon,* 988 F.2d at 1320.

■ Because the reasoning of *Smith* is flawed, because none of the Courts of Appeals that have addressed this issue have required a threatening contradiction, and because a threatening contradiction standard would vitiate the protection offered by the least sophisticated consumer standard, we decline to adopt the "threatening contradiction" test. We hold instead that a complaint alleging violations of 15 U.S.C. § 1692g can survive a challenge under Fed. R.Civ.P. 12(b)(6) as long as (1) the plaintiff pleads a contradiction between the demand language and the validation language and (2) it is possible that the plaintiff could prove that the contradiction would mislead the least sophisticated consumer into disregarding his or her rights under the validation notice. *See Conley,* 355 U.S. at 45–46, 78 S.Ct. at 101–102; *Swanson,* 869 F.2d at 1225–1226.

■ With this standard in mind, we turn to the language of the June 23rd letter to determine whether the demand language contradicts the validation language and whether the finder of fact reasonably could conclude that the demand language would mislead the debtor. Lacy correctly points out that the demand language is far less obtrusive than language condemned by other courts and has none of the criticized typographical peculiarities. *See, e.g., Swanson,* 869 F.2d at 1225 (letter disapproved by court stated in type several times that of the required debt validation language "IF THIS ACCOUNT IS PAID WITHIN THE NEXT 10 DAYS IT WILL NOT BE RECORDED IN OUR MASTER FILE AS AN UNPAID COLLECTION ITEM. *A GOOD CREDIT RATING—IS YOUR MOST VALUABLE ASSET*"); *Miller,* 943 F.2d at 483 (letter disapproved by the court had entire front page filled with various type faces, colors, and capitalization implying debtor must pay or call the debt collector immediately; notice referring the debtor to reverse side was in smaller type at the bottom of the page; validation notice was in last three paragraphs of

four printed on the reverse); *Graziano,* 950 F.2d at 109 (front side of notice disapproved by court threatened legal action within ten days if the debt was not resolved in that time and referred consumer to the reverse for a statement of legal rights; the reverse side contained the required disclosure).

Nevertheless, the second paragraph of the June 23rd letter contradicts the validation notice. It instructs the Beemans to contact Lacy immediately and does not specify that in order to trigger their verification rights, the Beemans must dispute the debt in writing. Read by itself, the second paragraph leaves the impression that if the Beemans wished to dispute the debt, they must act immediately. Moreover, no transitional language alerts the consumers to the fact that they have rights to dispute the debt that must be exercised differently from the way in which they are asked to proceed by the second paragraph. Similar conflicts between the demand language of a collection letter and its validation notice have contributed to findings of a Section 1692g violation. *See e.g., Graziano,* 950 F.2d at 111 (holding that there was a reasonable probability that the least sophisticated debtor would be induced to overlook his statutory right to dispute a debt within thirty days by language threatening legal action if payment was not made within ten days); *Miller,* 943 F.2d at 484 (holding that portion of debt collection letter which demanded immediate full payment and commanded consumer to telephone "today" contradicted validation notice); *Rabideau,* 805 F.Supp. at 1089–1090, 1094 (holding that two collection letters, first of which stated immediate payment would avoid further contact and second of which stated debt must be paid within five days to avoid further collection efforts, contradicted validation notice).

Lacy seeks to distinguish the notices discussed in these cases because their language is more peremptory than that used in the June 23rd letter. In addition, these notices either give the consumer a specific number of days in which to act or direct the consumer to telephone while the June 23rd letter states the Beemans should pay or communicate with the debt collector "immediately." Finally, Lacy distinguishes its notice because

the June 23rd letter does not suffer from the typographical and placement defects also condemned by the courts in *Graziano, Miller,* and *Swanson.* These distinctions support a denial of summary judgment to the Beemans but not a grant of Lacy's motion to dismiss pursuant to 12(b)(6). However, innocuous Lacy may deem the language of the second paragraph, it implicitly contradicts the validation notice. The finder of fact must determine whether this contradiction would induce the least sophisticated consumer to overlook the procedures contained in the validation notice. Although a reasonable fact finder could so conclude, this conclusion would not be required as a matter of law. Both parties are entitled to present expert proof to the jury regarding the effect the language of the letter would have on the least sophisticated consumer. *Cf. Rabideau,* 805 F.Supp. at 1091 (expert testimony allowed on typography and placement of information); *Siler* 1992 WL 32333 at *2 (testimony allowed from expert in field of graphic arts and communications). Therefore, both Lacy's motion pursuant to Fed.R.Civ.P. 12(b)(6) and the Beemans' motion pursuant to Fed.R.Civ.P. 56 must be denied insofar as they concern the Beemans' claim that the language of the second paragraph of the June 23rd letter contradicts the validation notice.

## CONCLUSION

Lacy's motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6) is denied in its entirety. Lacy is granted summary judgment to the extent that plaintiffs claim that defendant violated the FDCPA by failing to notify them that they could obtain a copy of any judgment against them upon written demand within 30 days. The Beemans' motion for summary judgment is denied.

SO ORDERED.