Michael DESANTIS, Plaintiff,

v.

**ROZ–BER, INC., t/a New Jersey Creditor Collection Agency, Defendant.**

No. CV 98–5195(ADS).

United States District Court, E.D. New York.

May 28, 1999.

Adam J. Fishbein, Uniondale, NY, for the Plaintiff.

Jacobowitz, Garfinkel & Lesman, New York City (Kevin Barry McHugh, Philip G. Menna, of Counsel), for the Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Michael Desantis ("Desantis" or the "plaintiff") initiated this action against Roz–Ber, Inc., T/A New Jersey Creditor Collection Agency (the "defendant") on August 13, 1998 by filing a complaint alleging one cause of action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

Presently before the Court are: (1) the plaintiff's motion to amend the complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."); (2) the motion by the defendant for judgment on the pleadings pursuant to Rule 12(c) of the Fed.R.Civ.P.; and (3) the cross-motion by the plaintiff for judgment on the pleadings pursuant to Rule 12(c) of the Fed. R. Civ. P.

## I. BACKGROUND

The following factual allegations are taken from the plaintiff's three page complaint. The defendant is a collection agency engaged in the business of collecting debts. Apparently, the plaintiff incurred a personal debt to Hann Financial Service Corporation, which in turn was referred to the defendant for collection. On May 20, 1998, the defendant sent a debt collection

letter to the plaintiff which stated, in part, that:

Your account has been placed in our hands by the above named client with full authority to demand payment.

You may not have intentionally neglected this obligation, but it is seriously past due and demands your IMMEDIATE ATTENTION!

If you would like our cooperation then:

1. Remit payment in full to this office or,

2. Contact the undersigned in person or by telephone and arrange settlement.

IMPORTANT NOTIFICATION:

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

The plaintiff claims that this letter violated his right to dispute the debt pursuant to 15 U.S.C. § 1692g.

On February 1, 1999, the defendant was served with a motion to amend the complaint. The amended complaint seeks· to add an additional violation of the FDCPA concerning the name of the collection agency, New Jersey Creditor Collection Agency, National Creditors Service. In particular, the plaintiff asserts that the name of the defendant implies that the collection agency has an affiliation with the State of New Jersey which is in violation of the FDCPA.

## II. DISCUSSION

### A. *Motion to Amend*

■ Rule 15(a) provides that "leave [to amend a pleading] shall be freely given when justice so requires." *See also Zahra v. Town of Southold,* 48 F.3d 674, 685 (2d Cir.1995); *Block v. First Blood Associates,* 988 F.2d 344, 350 (2d Cir.1993). Nevertheless, leave to amend is not granted automatically or reflexively. The Supreme Court stated in *Foman,* its seminal amendment case, that denial of a Rule 15(a) motion may be appropriate in instances of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment . . . ." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (emphasis added); *accord Zahra,* 48 F.3d at 685; *Block,* 988 F.2d at 350; *Ruffolo v. Oppenheimer & Company,* 987 F.2d 129, 131 (2d Cir.1993) (where granting leave to amend is unlikely to be productive, it is not an abuse of discretion to deny leave to amend).

On November 23, 1998, United States Magistrate Judge Viktor V. Pohorelsky issued a scheduling order setting January 15, 1999 as the deadline to file motions seeking to add additional parties and/or to amend the pleadings. The defendant was not served with the plaintiff's motion to amend the complaint until February 1, 1999. In addition, the Court notes that the motion to amend itself is dated January 28, 1999.

As previously stated, the plaintiff asserts that the name of the defendant implies that the collection agency has an affiliation with the State of New Jersey which is in violation of the FDCPA, 15 U.S.C. § 1692e(1) which states:

The false impression or implication that the debt collector is vouched for, bonded by, or affiliated with the United States

or any State, including the use of any badge, uniform, or facsimile thereof.

The defendant contends that the "use of the name 'New Jersey Credit Collection Agency' in no way suggests or implies that it is affiliated with any government and the allegation that it holds itself out as being so affiliated merely by using its name is an example of imaginative lawyering."

■ While the Court is of the view that the plaintiff's amendment would be futile as there is no possibility that a debtor would be under the false impression that the defendant was affiliated with the State of New Jersey, there is also a more fundamental reason to deny the plaintiff's motion to amend. The Court denies the plaintiff's request to amend the complaint because he has failed to establish good cause for his violation of Judge Pohorelsky's November 23, 1998 scheduling order setting January 15, 1999 as a deadline to file a motion to amend. In fact, the plaintiff has not proffered any excuse for his delay in filing the motion to amend the complaint even though the defendant raised the issue in its memorandum of law. Moreover, the Court cannot fathom any reasonable excuse that could be offered by the plaintiff, as he was obviously in possession of the collection letter at the time he filed the original complaint. Therefore, as the plaintiff has failed to provide any reason for his violation of Judge Pohorelsky's order and due to the futility of the amended complaint, the Court denies the plaintiff's motion to amend the complaint.

### B. *Rule 12(c) Standard*

The Court will now examine the original complaint in the context of the motions for judgment on the pleadings submitted by both the plaintiff and the defendant.

In a motion for judgment on the pleadings pursuant to Rule 12(c) of the Fed. R.Civ.P., the Court applies the same standard as it would in a motion to dismiss pursuant to Rule 12(b)(6) of the Fed. R.Civ.P. *See Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir.1994) (citing *Ad–Hoc Comm. Of Baruch Black and Hispanic Alumni Ass'n. v. Bernard M. Baruch College*, 835 F.2d 980, 982 [2d Cir.1987] ). As such, the Court will examine the standards under Rule 12(b)(6).

On a motion to dismiss for failure to state a claim, the Court should dismiss the complaint pursuant to Rule 12(b)(6) if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Northrop v. Hoffman of Simsbury, Inc.*, 134 F.3d 41, 44 (2d Cir.1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 [1957] ); *see also IUE AFL–CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1052 (2d Cir.1993), *cert. denied*, 513 U.S. 822, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994). The Second Circuit stated that in deciding a Rule 12(b)(6) motion, a district court "must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." *Newman & Schwartz v. Asplundh Tree Expert Co., Inc.*, 102 F.3d 660, 662 (2d Cir.1996) (quoting *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 [2d Cir.1991] ); *International Audiotext Network, Inc. v. AT & T Co.*, 62 F.3d 69, 72 (2d Cir.1995); *Paulemon v. Tobin*, 30 F.3d 307, 308–09 (2d Cir.1994); *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir.1993); *Rent Stabilization Ass'n of the City of New York v. Dinkins*, 5 F.3d 591, 593–94 (2d Cir.1993) (citing *Samuels*, 992 F.2d at 15); *Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47–48 (2d Cir. 1991).

It is not the Court's function to weigh the evidence that might be presented at a trial; the Court must merely determine whether the complaint itself is legally sufficient, *see Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir.1985), and in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true, *see Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir.1996); *LaBounty v. Adler*, 933 F.2d

121, 123 (2d Cir.1991); *Procter & Gamble Co. v. Big Apple Indus. Bldgs., Inc.,* 879 F.2d 10, 14 (2d Cir.1989), *cert. denied,* 493 U.S. 1022, 110 S.Ct. 723, 107 L.Ed.2d 743 (1990), and construe all reasonable inferences in favor of the plaintiff. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Leeds v. Meltz,* 85 F.3d 51, 53 (2d Cir.1996); *LaBounty,* 933 F.2d at 123; *Bankers Trust Co. v. Rhoades,* 859 F.2d 1096, 1098 (2d Cir. 1988), *cert. denied,* 490 U.S. 1007, 109 S.Ct. 1642, 104 L.Ed.2d 158 (1989).

The Court is mindful that under the modern rules of pleading, a plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), and that "[a]ll pleadings shall be so construed as to do substantial justice," Fed.R.Civ.P. 8(f).

The issue before the Court on a Rule 12(b)(6) motion "is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir.1995), *cert. denied,* 519 U.S. 808, 117 S.Ct. 50, 136 L.Ed.2d 14 (1996) (quoting *Scheuer,* 416 U.S. at 236, 94 S.Ct. 1683). Recovery may appear remote and unlikely on the face of the pleading, but that is not the test for dismissal under Rule 12(b)(6). *Gant v. Wallingford Bd. of Educ.,* 69 F.3d 669, 673 (2d Cir.1995) (quoting *Weisman v. LeLandais,* 532 F.2d 308, 311 [2d Cir.1976] [per curiam] ).

It is within this framework that the Court addresses the motions for judgment on the pleadings.

The essence of the plaintiff's complaint is that the notice required by section 1692g of the FDCPA (the "validation ·notice") was "overshadowed" by certain language in the debt collection letter (the "contested language"). Specifically, the plaintiff charges that the following language "overshadowed" · section 1692g's requirement that the debt collector advise the consumer that he or she has 30 days within which to dispute the debt:

> You may not have intentionally neglected this obligation, but it is seriously past due and demands your IMMEDIATE ATTENTION!
>
> If you would like our cooperation then:
>
> 1. Remit payment in full to this office or,
>
> 2. Contact the undersigned in person or by telephone and arrange settlement.

The plaintiff argues that this "language is to get the consumer to pay the debt or part or the agency will not cooperate with the consumer. That means that if the consumer has a question about the debt or does not owe the debt, the defendant will not cooperate-the defendant will not provide the requested information."

The defendant contends the debt collection letter, at the very worst, only demanded immediate contact—not immediate payment. As a result, the defendant argues that its debt collection letter was not in violation of the FDCPA. In support of its contention, the defendant relies upon the Ninth Circuit's decision in *Terran v. Kaplan,* 109 F.3d 1428 (9th Cir. 1997). In *Terran,* the Ninth Circuit held that a collection letter asking the debtor to immediately telephone a collection assistant does not constitute overshadowing of the other language in the notice. In addition, the defendant submits that because the validation notice required by section 1692g was printed on the same page as the contested language, and because it was preceded with the words "IMPORTANT NOTIFICATION," in capital letters, the contested language did not overshadow or conflict with the statutorily required validation notice.

### 1. The FDCPA

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors . . . ." 15 U.S.C. § 1692(e); *Cavallaro v. Law Office of Shapiro & Kreisman,* 933 F.Supp. 1148, 1152

(E.D.N.Y.1996). 15 U.S.C. § 1692g provides, in relevant part, that:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

■ The Act imposes strict liability unless the debt collector can demonstrate that its violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adopted to avoid any such error. *See* 15 U.S.C. § 1692k(c); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33–34 (2d Cir. 1996). A single violation of the Act is sufficient to impose liability. *Cavallaro,* 933 F.Supp. at 1153 (citing *Bentley v. Great Lakes Collection Bureau,* 6 F.3d 60, 62 [2d Cir.1993] ).

■ When applying Section 1692g, the Court uses an objective standard, evaluating how the "least sophisticated consumer" would interpret any notice the debtor received. *Russell,* 74 F.3d at 34 (citing *Clomon v. Jackson,* 988 F.2d 1314, 1318 [2d Cir.1993] ); *see Bentley,* 6 F.3d at 62. "The Act is aimed at protecting consumers in general from abusive debt collection practices and the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell,* 74 F.3d at 34. Applying this standard, the Court must determine whether the contested language in the debt collection letter "overshadowed or contradicted" the mandatory validation notice thereby confusing the least sophisticated debtor. *Id.* at 34–35 (citing *Graziano v. Harrison,* 950 F.2d 107, 111 [3d Cir.1991] ). It is not necessary to prove that the contradiction is "threatening." *Id.* at 35. "A notice is overshadowing or contradictory if it would make the least sophisticated consumer uncertain as to her rights. It is not enough for a debt collection agency simply to include the proper debt validation notice in a mailing to a consumer—Congress intended that such notice be clearly conveyed." *Russell,* 74 F.3d at 35.

By way of example, in *Beeman v. Lacy, Katzen, Ryen & Mittleman,* 892 F.Supp. 405, 412 (N.D.N.Y.1995), the defendant law firm sent a letter to the debtors stating in relevant part, "Please immediately send your remittance, in the above amount, payable to [the defendant], or communicate with us to explain your failure to do so." *Id,* 892 F.Supp. at 407–08. The letter continued by advising the plaintiffs of their rights under the FDCPA. Although *Beeman* was decided prior to *Russell,* Judge Pooler correctly predicted that the language at issue need only "contradict or overshadow" the plaintiffs' rights under Section 1692g and rejected the reasoning of those courts that previously required

that the contradictory language be "threatening." *Id.* at 411 (rejecting *Smith v. Financial Collection Agencies,* 770 F.Supp. 232 [D.Del.1991] ). Applying this test, the District Court held that even though the contested language is relatively mild when compared with other cases, it "[n]evertheless ... contradicts the validation notice .... Read by itself, the second paragraph [containing the relevant language] leaves the impression that if the Beemans wished to dispute the debt, they must act immediately." *Id.* at 412.

### 2. Section 1692 Applied

It cannot be disputed that the debt collection letter at issue contained a validation notice. The only issue, therefore, is whether the "contested language" overshadowed or contradicted the validation notice. "Application of the least sophisticated consumer standard to the face of a [collection] letter alone is a question of law." *Hairston v. Whitehorn & Delman,* 97 Civ. 3015(JSM), 1998 WL 35112, at *2 (S.D.N.Y. Jan. 30, 1998) (citing *Terran v. Kaplan,* 109 F.3d 1428, 1432 [9th Cir. 1997] ).

■ The Court finds that the contested language does overshadow the validation notice for the reasons that follow. While the validation notice was directly beneath the contested language, in the same font size, on the same page, and preceded with the words, "IMPORTANT NOTIFICATION," the Court is troubled by the threatening nature of the contested language, and its obvious intent to evoke immediate payment from the debtor.

Specifically, the words "IMMEDIATE ATTENTION," followed by an exclamation mark raises significant concern. Moreover, the contested language implicitly threatens the debtor that if he does not either "(1) remit payment in full to this office or, (2) Contact the undersigned in person or by telephone and arrange settlement" he will not receive "cooperation" from the collection agency. Although *Russell, supra,* and *Beeman, supra,* held

that a threat is not required for the contested language to overshadow or contradict the validation notice, the Court is of the view that the debt collection letter at issue is in fact threatening in nature. Indeed, who would not want the "cooperation" of a collection agency attempting to collect a debt? Recognizing this undeniable fact, the defendant has cleverly attempted to push the boundaries of a lawful collection letter, by using implicit, rather than explicit threats, by couching what is in essence a demand for immediate payment, with language that the defendant argues does not overshadow the debtor's rights under section 1692g.

The defendant's reliance on the Ninth Circuit's decision in *Terran, supra,* is misplaced. The Court does not disagree with the Ninth Circuit's holding in *Terran* that a collection letter asking the debtor to immediately telephone a collection assistant does not constitute overshadowing of the validation notice contained in the collection letter. However, the debt collection letter at issue clearly asks the debtor to do more than call a collection assistant. The "contested language" implicitly threatened the debtor that if he wanted its "cooperation" he was to (1) remit payment; or (2) contact the agency to arrange a settlement. The "options" clearly are more onerous than those in *Terran.*

Similarly, the defendant's citing of *Berrios v. Client Services, Inc.,* 97 CV 1174(DRH) (E.D.N.Y. June 11, 1998) is unpersuasive. In *Berrios,* Judge Hurley correctly decided that the following language did not overshadow the validation notice contained in the debt collection letter there at issue: "Call our office immediately upon receipt of this letter." Similar to the conclusion reached by the Ninth Circuit in *Terran,* Judge Hurley determined that "without holding that an immediate demand for contact or communications can never constitute overshadowing or contradiction in violation of Section 1692g, the Court concludes that, as a matter of law, [the letter at issue] did not

violate Section 1692g." The holdings in *Terran* and *Berrios* are distinguishable from the facts presently before this Court as the collection letters in those cases were clearly less intrusive and did not call for immediate payment in exchange for cooperation from the collection agency.

With reasonable certainty, the Court is of the view that the least sophisticated debtor would probably never have reached or read the validation notice. After opening the debt collection letter at issue, the least sophisticated debtor would be quickly drawn to the words "IMMEDIATE AT-TENTION!" in bold, then read the paragraph that demanded payment or a telephone call to arrange a settlement or face the wrath of the collection agency, and probably would never proceed to the language required by the FDCPA. Even if a savvy debtor continued reading the debt collection letter, and read the validation notice, it is likely that even such a savvy debtor would remit payment or call the agency to arrange a settlement, in order to obtain the "cooperation" of the collection agency.

This Court finds that the debt collection letter at issue is a deft attempt to circumvent the statutory requirements of the FDCPA. As such, the Court finds, as a matter of law, that the "contested language" in the debt collection letter overshadows the validation notice.

## C. Damages

The FDCPA provides that a debt collector who fails to comply with any provision of the statute is liable to the person offended. 15 U.S.C. § 1692k. The statute further states that upon a finding of liability, a Court may award an individual plaintiff certain damages, as follows:

(a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

(1) any actual damage sustained by such person as a result of such failure;

(2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000;

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court . . . .

　Factors considered by court

(b) In determining the amount of liability in any action under subsection (a) of this section, the court shall consider, among other relevant factors—

(1) in any individual action under subsection (a)(2)(A) of this section, the frequency and persistence of noncompliance by the debt collector, the nature of such non-compliance, and the extent to which such non-compliance was intentional;

The plaintiff does not seek any actual damages. Accordingly, the sole issue for resolution in this regard is the determination of "additional" or statutory damages.

The decision as to whether to award statutory damages, and the size of such an award, is committed to the sound discretion of the district court. *Teng v. Metropolitan Retail Recovery Inc.*, 851 F.Supp. 61 (E.D.N.Y.1994) (citing *Clomon v. Jackson*, 988 F.2d 1314, 1322 [2d Cir. 1993]); *Pipiles v. Credit Bureau of Lockport*, 886 F.2d 22, 27 (2d Cir.1989); *Emanuel v. American Credit Exchange*, 870 F.2d 805, 809 (2d Cir.1989).

As set forth in the statute, statutory damages shall not exceed $1,000. In determining whether to award such "additional damages," the district court must consider "the frequency and persistency of noncompliance by the debt collector, the nature of such noncompliance, the extent to which such noncompliance was intentional, and other relevant factors in deciding the amount of any 'additional damages'

252

awarded." *Clomon,* 988 F.2d at 1322; 15 U.S.C. § 1692k(b).

With regard to additional statutory damages, the Court finds that the imposition of $ 750.00 as "additional damages" is reasonable. There is no evidence presently before the Court regarding the frequency and persistence of the defendant's noncompliance. Accordingly, judgment is awarded in favor of the plaintiff against the defendant for additional damages in the sum of $ 750.00.

## III.  CONCLUSION

Having reviewed the parties' submissions and afforded them the opportunity to present oral argument, it is hereby

**ORDERED,** that the plaintiff's motion to amend the complaint is **DENIED;** and it is further

**ORDERED,** that the plaintiff's motion for judgment on the pleadings is **GRANTED;** and it is further

**ORDERED,** that the defendant's motion for judgment on the pleadings is **DENIED;** and it is further

**ORDERED,** that the plaintiff is awarded the sum of $750 in statutory damages; and it is further

**ORDERED,** that counsel for the plaintiff is directed to serve papers in support of its request for attorneys fees on or before June 14, 1999, and counsel for the defendant is to file any opposition on or before June 28, 1999.

**SO ORDERED.**