Chaperon v. Sontag & Hyman, PC

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 3rd day of September, two thousand twenty.

Present:    ROSEMARY S. POOLER,
            PETER W. HALL,
            DENNY CHIN,
                    *Circuit Judges.*
_____

JULIA CHAPERON,

                    *Plaintiff-Appellant*,

            v.                                          19-4244

SONTAG & HYMAN, PC,

                    *Defendant-Appellee.*[1]
_____

Appearing for Plaintiff-Appellant:      BENJAMIN J. WOLF (Joseph K. Jones, *on the brief*), Jones, Wolf & Kapasi, LLC, New York, N.Y.

Appearing for Defendant-Appellee:       JENNA L. FIERSTEIN (Matthew K. Flanagan, *on the brief*), Catalano Gallardo & Petropoulos, LLP, Jericho, N.Y.

---

[1] The Clerk of Court is directed to amend the caption as above.

Appeal from the United States District Court for the Southern District of New York (Rakoff, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant Julia Chaperon appeals from the December 18, 2019 final judgment entered in the United States District Court for the Southern District of New York (Rakoff, *J.*) granting Sontag's motion to dismiss. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Chaperon alleges that Sontag violated 15 U.S.C. §§ 1692g and 1692e of the Fair Debt Collection Practices Act ("FDCPA") by not including statutorily required information in a debt collection notice it sent to Chaperon seeking rental arrears. The notice was non-compliant, Chaperon argues, because it informed her that she was entitled to dispute the debt but did not explicitly say that she could also dispute a portion of the debt. The notice states, in relevant part, that Sontag is a law firm that "has been retained to collect a debt consisting of rent arrears totaling $12,209.26"; that Chaperon's landlord claimed that she owed "rent arrears as specified"; and that she had "30 days from receipt of this notice to dispute the debt." App'x at 41.

We review de novo a district court's grant of a motion to dismiss. *Hart v. FCI Lender Servs., Inc.*, 797 F.3d 219, 223 (2d Cir. 2015). Our Circuit uses the least-sophisticated-consumer test in determining whether debt collection letters violate the FDCPA. *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). Section 1692g requires that the debt collector provide the consumer with a detailed validation notice when soliciting payment. Among other requirements, the statute mandates that the debt collector convey the following information:

> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, *or any portion thereof*, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, *or any portion thereof*, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector[.]

15 U.S.C. § 1692g(3)-(4) (emphasis added).

Chaperon alleges that the least sophisticated consumer who receives Sontag's letter would be "confused and unsure" as to whether she was entitled to dispute a portion of the debt. App'x at 36. And because Sontag did not convey to Chaperon that she had a right to dispute a portion of the debt, Chaperon also alleges that Sontag violated 15 U.S.C. § 1692e(10)[2] by attempting to collect a debt with a notice that was false and misleading.

---

[2] Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt" and then enumerates examples of violative conduct. 15 U.S.C. § 1692e. Under Section 1692e(10) the conduct listed is

We agree with the district court that Chaperon's claims fail for substantially the same reasons the court provided in its well-reasoned opinion. We have previously explained that a debt collector's failure to use the FDCPA's precise language in its notices is not a violation, as there is no requirement in the statute that any of its provisions be quoted verbatim. *See Emanuel v. Am. Credit Exch.*, 870 F.2d 805, 808 (2d Cir. 1989).

Moreover, Chaperon's argument is essentially the same as the one rejected by the Sixth Circuit in *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025 (6th Cir. 1992). In *Smith*, the plaintiff claimed that a debt collection letter violated Section 1692g(a)(3) because it did not "specifically state that a portion of the debt may be contested." *Smith*, 953 F.2d at 1029. The Sixth Circuit agreed that the letter did not track the language in the statute but otherwise held that the letter did not violate the FDCPA. Applying the least sophisticated consumer standard, the court noted that the letter "adequately inform[ed] the reader that the debt must be disputed, … [and] it is implicit that the claim can be wholly, or partially, challenged." *Id.*

In *Clomon v. Jackson* we cited the Sixth Circuit's holding in *Smith* as an example of courts applying "the least-sophisticated-consumer standard in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices." *See Clomon*, 988 F.2d at 1319. As we said in *Jacobson v. Healthcare Fin. Servs., Inc.*, "the FDCPA does not aid plaintiffs whose claims are based on bizarre or idiosyncratic interpretations of collection notices." 516 F.3d 85, 90 (2d Cir. 2008) (internal quotation marks omitted). We conclude that the least sophisticated consumer would not, upon reading a letter stating that she has the right to dispute that she owes rent arrears totaling $12,209.26, rationally think that she does not also have a right to dispute a portion of that debt. Accordingly, Chaperon's argument that Sontag violates Section 1692g of the FDCPA lacks merit. For the same reasons, Sontag's claim that the notice was false and deceptive under 15 U.S.C. § 1692e also fails. Although the debt collection notice at issue did not violate the FDCPA, we note that it would have been the more prudent tact for Sontag to have included language informing Chaperon that she could also dispute a portion of the debt.

We have considered the remainder of Chaperon's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

"[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id.* § 1692e(10).