Bryan **DIKEMAN** and Angie Dikeman, Plaintiffs/Appellants,

v.

NATIONAL EDUCATORS, INC., d/b/a Continental Collection Agency, Ltd., Angela L. Field, Darryl Sampson, a/k/a Robert Mason, Philip W. Hopkins and Reed and Hopkins, P.C., Defendants/Appellees.

No. 94–1197.

United States Court of Appeals, Tenth Circuit.

April 11, 1996.

Vincent C. Todd, Lakewood, Colorado, for Plaintiff–Appellant.

Thomas C. Helgeson (Jerome V. Porter and Elizabeth S. Kreis with him on the brief), Wheat Ridge, Colorado, for Defendants–Appellees.

Before SEYMOUR, Chief Judge, HENRY, Circuit Judge, and COOK,* District Judge.

H. DALE COOK, District Judge.

## I. INTRODUCTION

This case comes before us on the appeal of the plaintiffs after a jury verdict for the defendants. The plaintiffs seek damages for alleged violations of the Fair Debt Collection Practices Act (FDCPA). The plaintiffs appeal from the dismissal of their claim that a statutorily required disclosure was not made, from the refusal of one proposed jury instruction and from one jury instruction that was made over their objection.

In November of 1992, Darryl Sampson, an employee acting on behalf of the Continental Collection Agency (Continental), contacted the appellants Brian and Angela Dikeman in an attempt to collect rent and other charges claimed by the Aztec Villa Apartments, where the Dikemans had previously resided. Within thirty days of the initial communication, the appellants, acting through counsel, requested verification of the debt under 15 U.S.C. § 1692g. Continental and Darryl Sampson responded to appellants' counsel with a letter of December 9, 1992 and additional pages of documentation of the amount owed. Nowhere in the papers submitted by way of verification did there appear any verbal statement [1] disclosing that the debt collector was attempting to collect a debt and that any information obtained would be used for that purpose.[2]

Attorneys for Continental prepared a county court complaint claiming $1,138.55, including $150 in attorney fees.. The amount of the debt was overstated in the verification and the initial complaint.[3] In response to further inquiry,[4] Darryl Sampson and Continental determined that Aztec Villa Apartments had overstated the amount of the debt. Sampson and Continental, however, made no subsequent written verification reflecting the

---

* The Honorable H. Dale Cook, Senior United States District Judge for the Northern, Eastern and Western Districts of Oklahoma, sitting by designation.

1. In this opinion, the term "verbal" shall mean oral or written. The term "verbal statement" shall mean an oral or written statement expressly stating the content of what is communicated.

2. The defendants' brief alleges that the initial communication with the Dikemans specifically advised the Dikemans of their rights under the FDCPA. The record on appeal and the plaintiffs' brief is not clear on this point; however, it is apparent that the Dikemans sought the assistance of an attorney and must have become aware of the nature of the situation. In oral argument, the plaintiffs conceded that they suffered no damage as a result of the alleged failure to disclose and that their claim was of a purely technical violation.

3. We use the term "verification" to describe the papers sent to the plaintiffs and not to express an opinion as to whether these papers meet the statutory requirement of a verification or validation.

4. Presumably the inquiry was from counsel for the plaintiffs.

correct amount of the debt.[5]  Whatever may have been the nature of the error,[6] it is clear that after discovering the error the defendants amended their complaint to reduce the claim on account of the error.  There is nothing in the record on appeal to suggest that the defendants attempted to collect the overstatement of their verification before or after amending their complaint aside from the act of serving and filing of the original complaint.

The initial complaint was served on the plaintiffs on December 19, 1992 and filed December 22, 1992.  The amended complaint, filed on January 13, 1993, claimed $612.78, which amount also included $150 for attorney fees.  After some discovery, the plaintiffs tendered unconditional payment of $206.11, an amount they did not dispute.  Continental voluntarily withdrew the county court action.

The appellants then brought this action in federal court under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq.*  The plaintiffs claimed that the defendants violated the Act by: (1) failing to provide a statutorily required disclosure in their communication with the debtor's attorney, (2) attempting to collect an attorney fee in excess of that which was actually incurred, and (3) commencing their county court action before verifying the correct amount of the debt.

In the court below, the jury evidently viewed the verification overstating the amount owed as not being a validation of the debt under the statute and found that the defendants had "commenced suit against the Plaintiffs without providing validation of a disputed debt."  Nevertheless, the jury also found that this error was unintentional and made in good faith.[7]

## II.  DISCLOSURE REQUIREMENT

■  The first issue in this case is whether the trial court correctly held as a matter of law that the disclosure requirement of 15 U.S.C. § 1692e(11) was not violated.  We review such questions of law *de novo*.  *Jenkins v. Heintz*, 25 F.3d 536, 538 (7th Cir. 1994), *aff'd*, ── U.S. ──, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995).  Resolution of this issue requires the interpretation of statutory language defining the following as one form of "false or misleading representation":

> Except as otherwise provided for communications to acquire location information under section 1692b of this title, the failure to disclose clearly in all communications made to collect a debt or to obtain information about a consumer, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

15 U.S.C. § 1692e(11).

■  The precise legal question we address here is whether the required statutory disclosure of § 1692e(11) must be included in a *verbal statement* in communications to an attorney when the matters required to be disclosed would be clear to an attorney from the communication viewed in context.[8]

---

5.  The defendants claim this was done orally.

6.  The appellants' appendix does not make the nature of the error clear and the appellants' brief does not state the nature of the error.  The appellees' brief states that the debt collector later discovered that the apartment had been re-rented resulting in some reduction of the amount owed.

7.  The appellants' appendix in this case does not document many of the background facts related above.  For purposes of this opinion, we have assumed some undocumented statements contained in the appellants' brief to be true.  We do this not because we accept these facts as true but to demonstrate on a rather incomplete record on appeal that the appellees should prevail even accepting the facts as the appellants state them.  Although any disputes as to the core facts stated

above appear to be minor, we nevertheless point out that we would not necessarily have been willing to rely on these facts to justify a decision in the appellants' favor.

8.  The court below held that the verification of a debt was not a communication made to collect a debt subject to the disclosure requirement of § 1692e(11).  We will affirm a decision for any reason that finds support in the record.  *Parks v. I.R.S.*, 618 F.2d 677 (10th Cir.1980).  In this case, it is possible to affirm with a more narrow holding than that relied upon by the court below.  Accordingly, we do not reach the issue addressed by the trial court, but merely note that under our decision, the judgment below is properly affirmed regardless of whether the trial court was correct in determining that the verification of a debt "was not a communication made to collect a debt."

"In a statutory construction case, the beginning point must be the language of the statute, and when a statute speaks with clarity to an issue judicial inquiry into the statute's meaning, in all but the most extraordinary circumstance, is finished." *Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 475, 112 S.Ct. 2589, 2594, 120 L.Ed.2d 379 (1992). In the case before us, our inquiry begins with meaning of the word "disclose".[9] However, in construing the statute we also look to other provisions of the Act to determine the purpose of the law and the context in which the word is used.

The term "disclose" used in the statute is, viewed in isolation, ambiguous as to whether a verbal statement is required.[10] We contrast the use of "disclose" in this subsection with the use of "statement" in § 1692g of the same subchapter to define the requirements for disclosure by creditors in a different context. The definition of the word "statement" focuses on express communication orally or in writing. The word "statement" also suggests intentional communication and, it also connotes literal verbal communication. The word "disclosure" does not have as strong a connotation of intention or verbal expression as does the word "statement".[11]

We also take note that § 1692e(11) does not place the required disclosure in quotation marks or set forth any specific required wording for the disclosure but merely defines what the content of the required disclosure will be: "*that* the debt collector is attempting . . ." (emphasis added) *Id.*

The definition of the term "disclose" is sufficiently ambiguous that, in an appropriate context, it could be construed to include other forms of making facts known than verbal statements. To determine whether such a broad construction is appropriate with regard to this subsection in this circumstance we look to the nature of the legal require-

We also need not address the question, which has split the circuits, regarding whether the disclosure requirement applies to follow-up notices. *Pressley v. Capital Credit & Collection Service, Inc.*, 760 F.2d 922 (9th Cir.1985); *Tolentino v. Friedman*, 46 F.3d 645 (7th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 2613, 132 L.Ed.2d 856 (1995); *Carroll v. Wolpoff and Abramson*, 961 F.2d 459 (4th Cir.), *cert. denied*, 506 U.S. 905, 113 S.Ct. 298, 121 L.Ed.2d 222 (1992); *Dutton v. Wolpoff and Abramson*, 5 F.3d 649 (3d Cir.1993); *Frey v. Gangwish*, 970 F.2d 1516 (6th Cir.1992) and *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22 (2d Cir.1989).

For purposes of this decision, we will assume, without deciding, that the disclosure requirement does apply to subsequent notices, including communications to verify a debt.

9. A number of terms are defined at the beginning of Subchapter V on Debt Collection Practices at 15 U.S.C. § 1692, but neither the word "disclose" nor the word "disclosure" are among the defined terms.

10. The Webster's Third New International Dictionary (1981) defines "disclose," in part, as follows:

1 *obs:* to open up: UNCLOSE 2a: to expose to view: lay open or uncover (something hidden from view) **b:** to make known: open up to general knowledge; *esp:* to reveal in words (something that is secret or not generally known): DIVULGE **syn** see REVEAL

Although one definition says that "disclose" especially means to reveal in words, it is clear that a number of definitions do not require verbal statements. Further, where a communica-

tion is made in words, the disclosure made by those words need not be made expressly or intentionally by the writer of the words. The word "disclose" can be construed to include matters inferable from the very nature and fact of a written communication.

Black's Law Dictionary (6th ed. 1990) defines "disclose" similarly: "To bring into view by uncovering; to expose; to make known; to lay bare; to reveal to knowledge; to free from secrecy or ignorance, or make known. *See* Discovery." Similarly, the related term "disclosure" is defined: "Act of disclosing. Revelation; the impartation of that which is secret or not fully understood." The definition of "disclosure" points out that under the Truth in Lending Act (15 U.S.C. § 1601 *et. seq.*), there are detailed requirements of disclosure, but that statutory scheme is very much more particularized than the general disclosure requirement of § 1692e(11).

11. Among the definitions of "statement" given in the Webster's Third New International Dictionary (1981) are "a formal declaration required by law or made in the course of some official proceeding," and "PROPOSITION". A definition of "proposition" that refers back to the word statement is as follows: "a declarative sentence: an expression in language, symbols or signs of something capable of being believed, doubted or denied: a verbal expression that is either true or false—called also *statement*." Black's Law Dictionary indicates that nonverbal conduct may be a statement under the rules of hearsay, but these definitions are clearly set forth in the cited statutes. *See* FED.R.EVID. 801(a).

ment, the nature of the recipient of the communication, the larger statutory context and the purposes of the statute as stated at the beginning of the subchapter of which the disputed statutory language is a part.

We begin our analysis with the language of the section at issue. The disclosure requirement here is contained in a subsection of § 1692e. That section prohibits generally "false, deceptive, or misleading representation or means in connection with the collection of any debt." The section then lists examples of such improper conduct "[w]ithout limiting the general application of the foregoing." *Id.* The section does not say the reverse, however, that the more general language of § 1692e cannot be considered in limiting the scope of ambiguous terms used in the subsections.

In view of the purpose of § 1692e(11) to define a form of deceptive or misleading means used in connection with the collection of a debt, we are reluctant to conclude that there is a deceptive or misleading practice in the mere failure to disclose by *verbal statement* to a lawyer what should be clear to the lawyer from the fact of the communication, its nature, contents and context.[12] We are here inclined to adopt a broad construction of the word "disclose" in part because to do otherwise would characterize this particular form of innocent and sufficient communication as deceptive or misleading, contrary to the plain meaning of the language of the section in which the word is used.

In a factual situation where the failure to make the required disclosure by verbal statement might be misleading to a lawyer, the statute may require disclosure by verbal statement of such of the required information as is not obvious to a lawyer,[13] but those are not the facts before us here. In this case the lawyer to whom the communication was made requested the communication in the course of representing his clients on the collection matter. The verification contained a cover letter with a letterhead stating "Continental Collection Agency, Ltd.", a signed "Statement of Deposit Accounts" itemizing the rent and other fees claimed with a bottom line stating the "TOTAL AMOUNT DUE OWNER", the lease agreement and copies of move in and move out reports on the condition of the property showing a cleaning charge of $160.

The legal implications of communicating with a debt collector would be especially within the professional competence of a lawyer hired to represent a client's interests in the collection process, and the fact that a communication is made to collect a debt is something that the lawyer's professional expertise would allow him or her to discern easily on facts such as these. In short, both elements required to be disclosed would have been clear to a lawyer from the requested verification.

In our interpretation of the word "disclose", we also rely on the statement of purposes at the beginning of the subchapter in § 1692(e), which says: "It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect *consumers* against debt collection abuses." (emphasis added)

The failure to make a verbal statement to a lawyer of what would be clear to a lawyer from the communication viewed in context is not fairly characterized as an abusive debt collection practice nor does failure to make a verbal disclosure give a competitive advantage to any debt collector, other than a *de minimis* savings of time, because the debt-

---

12. Of course, we are not saying that the protections contained in § 1692e(11) do not apply when collecting debts from lawyers. If a debt collector seeks to collect a debt from a lawyer, then the full force of the FDCPA applies to the debt collector's activity, just as it would if the person owing the alleged debt was not a lawyer.

13. For example, it is possible that in certain factual contexts a communication might be made to an attorney representing a debtor in such a manner that either it is not obvious that the communicator is a debt collector or it is not obvious that the debt collector is attempting to collect a debt from the lawyer's client. The disclosure requirement still applies and a disclosure by verbal statement within the communication of the facts that are not apparent may be necessary in such a situation.

or's representative will know just as much regardless of whether a verbal disclosure is made. In addition, since the Act is for consumer protection and the disclosure requirement is designed to protect such consumers as may not have the sophistication to appreciate the significance of debt collection communications, it is not likely that Congress imagined that verbal statements of characterizations and legal implications obvious to an attorney would ordinarily be required in communications made to a debtor's attorney.[14]

Accordingly, we hold that the fact of the debt verification and its content, viewed in context, was adequate to disclose to an attorney hired to represent the debtor that the debt collector was attempting to collect a debt and that any information obtained would be used for that purpose within the meaning of § 1692e(11).[15] A disclosure pursuant to § 1692e(11) by verbal statement would be a pointless formality and is not required in such a situation.

## III. CLAIM FOR ATTORNEY FEES

The plaintiffs argue that a claim for $150 in attorney fees in the complaint against them was a violation of 15 U.S.C. § 1692f.

They argue that the refusal of the trial judge to instruct the jury that the defendants could only seek attorney fees if allowed by contract was prejudicial to their case "in light of the jury's finding that the Defendants did not collect or attempt to collect amounts not permitted by the contract or authorized by law." In their statement of issues, the plaintiffs frame the issue as whether the complaint demanding $150 in attorney fees violated 15 U.S.C. § 1692f. That section prohibits the use of unfair and unconscionable means of collecting or attempting to collect a debt. Subsection 1 of that section specifically prohibits: "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

■ We find that the record on appeal is inadequate, and we are therefore unable to review this issue. The documents which the plaintiffs submitted are incomplete in that they do not fully detail the substance of this issue, nor do they sufficiently convey all the facts which form the basis of the issue. Further, we are not convinced that the plaintiffs

**14.** We emphasize that in making our decision, we rely heavily on the *professional status and representative role of the lawyer,* as contrasted with that of a consumer, the kind of person the statute is designed to protect. We do not by this decision hold that the disclosure requirement can be satisfied without a verbal statement in the case of a direct communication with the debtor simply because the debtor happens to be knowledgeable about the law or even a practicing lawyer. We note that at least one court has held that "the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon v. Jackson,* 988 F.2d 1314 (2d Cir.1993). *See also Piplies v. Credit Bureau of Lockport, Inc.,* 886 F.2d 22, 26 (2d Cir.1989), *Emanuel v. American Credit Exchange,* 870 F.2d 805, 808 (2d Cir.1989) and *Dutton v. Wolpoff and Abramson,* 5 F.3d 649 (3d Cir.1993) (holding that the requirement to disclose that an attempt is being made to collect a debt need not always be made expressly to a consumer, but the debt collector must expressly warn that information obtained will be used against the consumer). It is enough for purposes of deciding this case to note that regardless of the standard used for communications with consumers, a lawyer acting as the representative of a debtor is not, in that capacity, a consumer under the Act. 15 U.S.C. § 1692a.

We also emphasize that the alleged deceptive practice in this case was not a misleading representation but an omission to include a verbal warning under a statute that requires the debt collector to "disclose" something. We are not holding here that an *affirmative misrepresentation* to a lawyer would be excusable merely because a lawyer could see through the false statement.

**15.** We limit our holding to the facts of this case. Certainly, different circumstances may require the creditor to make the disclosure contained in § 1692e(11) in its communications with a debtor's lawyer. We are cognizant of § 1692e(11)'s requirement that "in *all* communications made to collect a debt or to obtain information about a consumer," it must be disclosed that the debt collector is attempting to collect a debt (emphasis added). However, in the present case, it would be somewhat absurd to require this disclosure when the debtor's lawyer requested the communication from the creditor concerning the collection matter at issue. That is, plaintiffs' lawyer knew that Continental was attempting to collect a debt, and § 1692e(11)'s disclosure requirement would not afford any additional protections to the consumer.

adequately documented that this issue was preserved for appeal, and we thus refrain from addressing the substance of the plaintiffs' claim. An appellant who provides an inadequate record does so at his peril. *Deines v. Vermeer Mfg. Co.,* 969 F.2d 977, 978–79 (10th Cir.1992).

## IV. BONA FIDE ERROR INSTRUCTION

The jury's third finding states: "Defendants National Educators, Inc., d/b/a Continental Collection Agency, Ltd. and Angela L. Field did commence suit against the plaintiffs without providing validation of a disputed debt." The jury also found good faith and a bona fide error defense as to this finding. The plaintiff argues that there was not sufficient evidence to support the bona fide error defense to the third finding and appeals the trial court's decision to instruct the jury on this issue.

"An erroneous jury instruction requires reversal only if, after review of the record as a whole, we determine the error to have been prejudicial." *United States v. Caro,* 965 F.2d 1548 (10th Cir.1992). At trial, when the defendant proffered the disputed instruction on bona fide error, its attorney referred to testimony from two agency employees that was intended to lay the foundation for the instruction. It is apparent that these witnesses would have supplied the evidence, if anyone did. However, their complete testimony was not furnished to us on appeal. If plaintiffs challenge the sufficiency of that testimony, it is not unreasonable to expect the plaintiffs to have provided it. We therefore find it unnecessary to reach the merits of this issue because of the inadequate record provided. *Deines,* 969 F.2d at 978–79.

Affirmed.