**Joseph CAVALLARO, on behalf of himself and all others similarly situated, Plaintiff,**

**v.**

**The LAW OFFICE OF SHAPIRO & KREISMAN, Gerald Shapiro, esq., David Kreisman, esq. and Lillian Bass, Defendants.**

**95 Civ. 1475(SJ).**

United States District Court, E.D. New York.

Aug. 7, 1996.

Robert L. Arleo, Huntington, NY, for Plaintiff.

Julianna Lochte, New York City, for Plaintiff.

Peter Contino, Rivkin, Radler & Kremer, Uniondale, NY, for Defendants.

### MEMORANDUM AND ORDER

JOHNSON, District Judge:

## INTRODUCTION

Before this Court is Plaintiff's motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff contends that the Law Office of Shapiro & Kreisman ("Shapiro & Kreisman"), Gerald Shapiro ("Shapiro"), David Kreisman ("Kreisman"), and Lillian Bass, a legal assistant ("Bass"), (collectively "Defendants") violated the Fair Debt Collection Practices Act of 1977 (FDCPA), 15 U.S.C. § 1692. Specifically, Plaintiff alleges that letters and notices sent to him by Defendants did not properly inform him of his rights. For the reasons stated below, Plaintiff's motion is granted in part and denied in part.

## BACKGROUND

The alleged violations of the FDCPA involve two written communications that Defendants sent to Plaintiff in connection with a foreclosure of a security interest in a cooperative apartment. In September 1994, Plaintiff allegedly defaulted on a secured loan for $96,000. The law firm Shapiro & Kreisman was retained to commence foreclosure proceedings in February 1994.

One month later, on March 23, 1995, Defendants sent a collection letter (the "collection letter"), together with a Debt Validation Notice (the "validation notice") on a separate sheet of paper, to Plaintiff. The collection letter was on Shapiro & Kreisman letterhead and read as follows:

March 23, 1995

Joseph Cavallaro
135 Ocean Parkway, Apt. 17N
Brooklyn, New York 11218

RE: Chase Manhattan Mortgage Corporation, f/k/a Chase Home Mortgage Corporation—against—Joseph Cavallaro and Trudy Cavallaro

Loan # 1607146

Premises: 135 Ocean Parkway, Apt. 17N, Brooklyn, New York 11218

Apartment Number: 17N

Our File No. 18018–95

Dear Joseph Cavallaro:

Reference is made to the Note dated April 26, 1988 (the "Note") in the principal sum of $96,000.00 made by Joseph Cavallaro and Trudy Cavallaro to Chase Home Mortgage Corporation secured by a first lien on the Stock Certificate and Proprietary Lease appurtenant thereto for the above-referenced premises as evidenced by a Security Agreement (the "Security Agreement") bearing even date therewith made by and between the same parties.

Chase Manhattan Mortgage Corporation, f/k/a Chase Home Mortgage Corporation has referred your file to us to commence foreclosure proceedings due to your delinquency in making the payments pursuant to the Note and Security Agreement.

As a Result of such delinquency, the entire principal Note, together with accrued interest thereon and all other sums secured by the Security Agreement is now due and payable. Please contact the undersigned to make the final payment (and avoid further expenses).

Nothing herein contained shall be deemed an election of remedies under the Note, Security Agreement or any other instrument evidencing or securing the loan, and Chase Manhattan Mortgage Corporation, f/k/a Chase Home Mortgage Corporation

hereby expressly reserves all of its rights and remedies under said instruments and as provided by law.

Very truly yours,
Lillian Bass
Legal Assistant

The collection letter made no reference to the accompanying validation notice. The validation notice appeared as follows:

### NOTICE

TO: *Joseph Cavallaro*
*135 Ocean Parkway, Apt. 17N*
*Brooklyn, New York 11218*

| | |
|---|---|
| *Amount of Debt:* | *$96,000.00* |
| *Name of Creditor to Whom Debt is Owed:* | *Chase Manhattan Mortgage Corporation, f/k/a Chase Home Mortgage Corporation* |
| *Name of Original Creditor:* | *Chase Home Mortgage Corporation* |
| *Address of Original Creditor:* | *135 Chestnut Ridge Road Montvale, New Jersey 07645* |

*The firm represents the holder of the referenced mortgage. As a result of your default under the terms of said mortgage we have been retained to commence foreclosure proceedings.*

*Unless you, within thirty (30) days from the date of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this office. We are not required to wait during the thirty (30) day period and may commence legal proceedings against you at any time.*

*If you notify this office in writing within the thirty (30) day period that the debt, or any portion thereof, is disputed, this office will obtain a verification of the debt and a copy of such verification will be mailed to you.*

*If you dispute the debt, this firm may commence and/or continue legal proceedings against you even while we respond to your dispute.*

*Any information obtained will be used in the collection of your debt.*

Date: March 23, 1995

Shapiro & Kreisman
122 East 42nd Street, Suite 519
New York, New York 10168
Tel (212) 818–0834
Fax (212) 972–1906

---

Subsequently, on April 6, 1995, Defendants sent Plaintiff a general Notice of Sale of Cooperative Apartment (the "general notice of sale"), a personal Notice of Sale of Collateral (the "personal notice of sale"), and a transmittal letter confirming delivery of the notices. The personal notice of sale read as follows:

**NOTICE OF SALE OF COLLATERAL**
*April 6, 1995*

To: *Joseph Cavallaro*
*135 Ocean Parkway, Apt. 17N*
*Brooklyn, New York 11218*

*PLEASE TAKE NOTICE, you are in substantial default under the obligations and terms of the Cooperative Apartment Loan Note and Security Agreement you*

*executed and delivered to Chase Home Mortgage Corporation (Lender) on April 26, 1988 in the original amount of $96,-000.00 and pursuant to Section 9–504 of the Uniform Commercial Code of the State of New York, the following collateral will be sold by reason of your default under the Agreement at a public sale on:*

*May 18, 1995 at 9:45 a.m.*

*1. 540 Shares of stock issued by Canton Towers Owners Corp.*

*2. Proprietary Lease dated July 11, 1984 for Apartment No. 17N located at 135 Ocean Parkway, Apt. 17N, Brooklyn New York 11218*

*3. All personal property, whether or not built in or attached to the Apartment, now used connection, operating or maintaining the Apartment (such as air conditioners, refrigerator or stoves) owned by you.*

*The public sale shall take place May 18, 1995 at 9:45 a.m. at public auction at the foot of the courthouse steps facing Adams Street, 360 Adams Street, Brooklyn, New York 11201. Such sale shall be conducted by Jack O'Sullivan DCA # 797306 Auctioneer as Agent. Lender hereby reserves the right to bid.*

*Shapiro & Kreisman*

*BY: _____*
    *Lillian Bass*
    *Legal Assistant*

Plaintiff alleges that the validation notice failed to comport with the FDCPA because it was concealed, it was overshadowed and contradicted by its own language, it misstated the time for a response, it did not disclose that it was an attempt to collect a debt, and it did not offer to supply information on the original creditor. In addition, Plaintiff claims that the personal notice of sale was a debt communication and as such did not disclose, as required by the FDCPA, that the Defendants were attempting to collect a debt and that any information obtained would be used for that purpose.

## DISCUSSION

### I. *Summary Judgment Standard*

■ Summary judgment is proper under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the moving party is entitled to judgement as a matter of law." Summary judgment is inappropriate where there exists a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The burden is upon the movant to establish that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Once the movant has satisfied its burden, the burden shifts to the non-movant to "set forth specific facts showing there is a genuine issue for trial." Fed.R.Civ.P. 56(e). *See also Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. In deciding a summary judgment motion, the Court must draw all reasonable inferences in favor of the non-movant. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986).

■ In addition, the Court may grant summary judgment to the non-movant *sua sponte*, so long as the losing party has had the opportunity to come forward with all its evidence. *Celotex* 477 U.S. at 326, 106 S.Ct. at 2554. The Second Circuit has noted that in granting summary judgment *sua sponte* "a court need not give notice of its intention to enter summary judgment *against* the moving party." *Coach Leatherware Co. v. AnnTaylor, Inc.*, 933 F.2d 162, 167 (2nd Cir.1991).

### II. *The FDCPA Generally*

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors...." 15 U.S.C. § 1692(e) (1977). The FDCPA both requires and proscribes specific conduct by debt collectors. For example, under the FDCPA every initial debt communication must be accompanied within five days by a written debt validation notice. *See* 15 U.S.C. § 1692g(a). The FDCPA also

prohibits the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

■ The FDCPA is a strict liability statute, and therefore, does not require a showing of intentional conduct on the part of a debt collector. *See e.g., Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2nd Cir.1996). Further, a single violation of the FDCPA is sufficient to establish civil liability. *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2nd Cir.1993).

■ In determining whether a debt collector has violated the FDCPA, courts apply an objective standard measured by how the "least sophisticated consumer" would interpret the communication. *See, e.g., Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir.1993) (adopting least sophisticated consumer standard for § 1692e); *Russell*, 74 F.3d at 34 (applying least sophisticated consumer standard to a case under § 1692g). In *Clomon*, the Second Circuit set forth the standard's dual purposes—"it (1) ensures the protection of all consumers, even the naive and the trusting, against deceptive debt collection practices, and (2) protects debt collectors against liability for bizarre idiosyncratic interpretations of collection notices." 988 F.2d at 1320.

The Second Circuit also has warned debt collectors against loosely interpreting the FDCPA. *See Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2nd Cir.1996) ("[I]n the general context of consumer protection—of which the Fair Debt Collection Practices Act is a part—it does not seem unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.") With these guiding principles, the Court turns to Plaintiff's claims.

### III. *The Alleged Violations of § 1692g(a)*

Plaintiff avers that the March 23, 1995 collection letter and validation notice did not satisfy the requirements of 15 U.S.C. § 1692g(a). That section provides in relevant part:

"a debt collector shall ... send the consumer a written notice containing ... (3) a statement that unless the consumer, within thirty days after receipt of notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector ... (5) A statement that, upon the consumers written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

15 U.S.C. § 1692g(a).

Plaintiff raises a number of specific claims under this section.

### A. Concealment of the Validation Notice

■ Plaintiff asserts that the separate enclosure of the validation notice, without any reference to the notice in the actual collection letter, conceals the validation notice and fails to inform the least sophisticated consumer of his legal rights under § 1692g. Plaintiff relies largely on cases that hold that the placement of a validation notice on the reverse side of a debt communication without mention of the notice effectively hides the notice, and thereby violates § 1692g. *See Phillips v. Amana Collection Services*, 1992 WL 227839, at * 6 (W.D.N.Y. Aug. 25, 1992) ("Absent any indication that there is important information on the reverse side, a consumer could easily miss a notice ...."); *Riveria v. MAB Collections, Inc.*, 682 F.Supp. 174 (W.D.N.Y.1988) ("For a notice to be sufficient it must be placed in such a way that a reasonable consumer would be aware of its message."). These cases, however, are clearly distinguishable.

Here, even the least sophisticated consumer could not miss the validation notice. The validation notice was on a 8½″ x 11″ piece of paper (same size as the collection letter), marked "Notice" and addressed to the Plaintiff. In addition, the validation notice named the creditor and stated the amount of the debt. Although inexplicably the validation notice was in italicized typeface, this fact alone is not sufficient to render the validation notice concealed. Where a consumer receives two letters of equal size in the same

envelope, the first of which regards the default of a note for $96,000, this Court finds that even the least sophisticated consumer would sufficiently examine the entire contents of the envelope, and uncover the enclosed validation notice.

The Court concludes that no jury could reasonably infer for purposes of § 1692g(a) that the validation notice was concealed. Plaintiff's motion for summary judgment on this claim is therefore denied, and the Court grants Defendants summary judgment on this claim *sua sponte.*

### B. Misstatement of the Time to Respond

██ Plaintiff asserts that the validation notice failed to comply with § 1692g(a)(3) because it misstated the time to respond. The validation notice stated that Plaintiff should dispute the debt "within thirty (30) days from the date of this notice" rather than, as mandatorily required by the statute, within 30 days of receipt of the notice. 15 U.S.C. § 1692g(a)(3).

Defendants contend that such a minor variation from the statutory language is insignificant and does not constitute a violation of § 1692g(a)(3). In support of this argument, Defendants cite to *Stojanovski v. Strobl & Manoogian P.C.,* 783 F.Supp. 319, 323 (E.D.Mich.1992). In that case, the court held that a notice which limited the period to dispute the debt from the date of notice rather than from the date of receipt was a de minimis violation of § 1692g(a)(3) and did not violate the FDCPA.

This Court declines to follow the holding in *Stojanovski.* By specifying that the debt must be disputed within thirty days from the date of receipt of the notice, Congress has consciously protected against abusive tactics of debt collectors, such as the backdating of notices or other practices that might shorten debtors time to respond. Although only a small minority of debt collectors may engage in such tactics, courts cannot discriminate in identifying violators of § 1692g(a)(3) when faced with a strict liability statute that proscribes specific acts regardless of intent.

The Court notes that a defense from liability is available under § 1692k(c). That section excepts from liability any debt collector who can show by "a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). In the case at bar, however, Defendants proffer no such defense and thus must be held accountable for their violation. Accordingly, Plaintiff is granted summary judgment on this claim.

### C. Failure to Offer to Supply Name of Original Creditor

██ Plaintiff contends that Defendants violated § 1692g(a)(5) by not offering to supply the name of the original creditor. This contention is without merit. Section 1692g(a)(5) requires that a debt collector "upon the consumer's written request ... provide ... the name and address of the original creditor." In the case at bar, Defendants did not need to offer to disclose the identity of the original creditor because they expressly identified the original creditor and its address in the validation notice. Therefore, the Court denies Plaintiff's motion for summary judgment on this claim, and grants Defendants summary judgment *sua sponte.*

### D. Overshadowing and Contradictory Language

██ Plaintiff argues that the language in the validation notice—"[w]e are not required to wait during the thirty (30) day period and may commence legal proceedings against you at any time.... If you dispute the debt, this firm may commence and/or continue legal processing against you even while we respond to your dispute"—overshadowed and contradicted parts of the validation notice. Plaintiff contends that by intimating that they may sue at any time, Defendants obscured the fact that Plaintiff has thirty days to dispute the debt. In addition, Plaintiff argues that the reference to a lawsuit would tend to discourage a consumer from disputing the debt.

Defendants counter that the threat of a lawsuit should not be actionable. In support of this argument, Defendants rely on cases brought under § 1692e(5). That section pro-

hibits "the threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). Defendants thus argue that a threat to pursue a lawsuit is a legal action and accordingly cannot violate § 1692e(5). *See Sluys v. Hand,* 831 F.Supp. 321, 326–27 (S.D.N.Y.1993) (holding that legal threats that are not intended to be taken violate § 1692e(5)); *Riveria v. MAB Collections Inc.,* 682 F.Supp. 174 (W.D.N.Y.1988) (holding that debt collector's threat to take legal action and to advise creditor that debtor has ignored collection efforts was not prohibited by § 1692e(5)). This line of cases, however, is not instructive because their purview is limited by § 1692e(5) to proscribe only threats of illegal action or false threats. Here, Plaintiff claims that the language in question overshadowed and contradicted the § 1692g validation notice, not that Defendants threatened illegal action or made false threats in violation of § 1692e(5).

The Second Circuit recently held that a notice is overshadowed or contradicted when "it would make the least sophisticated consumer uncertain as to her rights." *Russell,* 74 F.3d at 35. The contradiction need not be threatening in order to violate § 1692g. *Id.*

Several courts have held that the demand of immediate payment, or payment within a definitive time such as 10 days, does overshadow and contradict the debt validation notice. *See Russell,* 74 F.3d at 34–35 (holding that the warning that a collection would be posted to a debtor's file unless debtor chose not to dispute it and paid it within 10 days contradicted the debt validation notice); *Graziano v. Harrison,* 950 F.2d 107, 111 (3rd Cir.1991) (holding that "[t]here is a reasonable probability that the least sophisticated debtor, faced with a demand for payment within ten days and a threat of immediate legal action if payment is not made at this time, would be induced to overlook his statutory right to dispute the debt within thirty days"); *Beeman v. Lacy, Katzen, Ryen & Mittleman,* 892 F.Supp. 405, 410–13 (N.D.N.Y.1995) (holding that a reasonable fact finder could

find a demand for immediate payment would induce the least sophisticated consumer to overlook the rights set forth in the validation notice).

Here, Plaintiff contends that both the amount of time to dispute the debt and the actual ability to dispute the debt were overshadowed and contravened by Defendants' allusions to a potential lawsuit. Although such allusions may implicitly contradict the validation notice, the tentative manner with which Defendants make them does not rise to the level of explicit contradiction to warrant such a conclusion as a matter of law. Unlike any of the cases cited above, the proximity of action is less imminent. By alerting Plaintiff that Defendants may sue prior to the 30 day response time, Defendants leave open the possibility of any action, whereas in the cited cases the Defendants definitively state that they will take action prior to the end of the time to dispute the debt. Moreover, Defendants do not say if you dispute the debt we will sue, but rather if you dispute the debt we *may* sue. Nonetheless, such language could reasonably lead a jury to find that the least sophisticated consumer would be intimidated by the looming suit into foregoing their right to dispute the debt and/or force them to rush their response. Accordingly, the Court denies Plaintiff's motion for summary judgment on this claim.

### IV. *Alleged Violations of § 1692e(11)*

██ Plaintiff claims that the collection letter and validation notice and the personal notice of sale violated 15 U.S.C. § 1692e(11). Under this section "the failure to disclose clearly in all communications *made to collect a debt* or *to obtain information about a consumer,* that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose" constitutes a violation of the statute. 15 U.S.C. § 1692e(11) (emphasis added).[1]

Plaintiff argues that Defendants violated the FDCPA by not advising the Plaintiff in the collection letter or validation notice that

---

1. This disclosure requirement is contained in subsection (11) of § 1692e. Section 1692e states "[a] debt collector may not use any false, decep-

tive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

Defendants were attempting to collect a debt. Plaintiff also claims that the personal notice of sale failed to notify the Plaintiff that Defendants were attempting to collect a debt and that any information obtained would be used for that purpose.

■ In order to comport with the FDCPA, the notice does not have to quote verbatim the language of § 1692e(11). *Emanuel v. American Credit Exchange*, 870 F.2d 805, 808 (2nd Cir.1989). The language, however, must comply with both disclosure requirements. *Id.* In addition, courts have construed § 1692e(11) disclosure from the contents and context of the letter. *See id.* ("[T]he letter not only stated that Emanuel's account had been turned over ... 'for immediate collection,' but it actually told ... how and where to satisfy the indebtedness."); *Dikeman v. National Educators, Inc.*, 81 F.3d 949, 952–53 (10th Cir.1996) ("[W]e are reluctant to conclude that there is a deceptive or misleading practice in the mere failure to disclose by verbal statement to a lawyer what should be clear to the lawyer from the fact of communication, its nature, contents and context.").

■ Nonetheless, some district courts have interpreted § 1692e(11) to require a strict adherence to the statutory language. *See Traverso v. Sharinn*, 1989 WL 265042, at *1 (D.Conn. Sept. 15, 1989) ("It does not matter that the plaintiff could ascertain from the contents of the letter that the defendant was attempting to collect a debt, or that the defendant had not asked for information, as the statute must be strictly construed."); *Ayala v. Dial Adjustment Bureau, Inc.*, Civil No. N–86–315 (EBB), slip op. (D.Conn. Dec. 4, 1986) ("Prudence counsels a uniform requirement of patent and unequivocal compliance on the document's face, however, readily and unmistakably achieved through simple disclosure statement."). The Court finds that this type of adherence to the statute, particularly with regard to the first disclosure requirement, is unwarranted. As the Tenth Circuit noted in contrasting the use of "statement" in § 1692g with the use of "disclose" in § 1692e(11), Congress did not re-

quire a statement in this subsection but only disclosure of the necessary information. *Dikeman*, 81 F.3d at 952.

In the instant case, Plaintiff argues that in the collection letter and the validation notice Defendants never stated that they were attempting to collect a debt, nor made any reference to "collection." Plaintiff, however, ignores the fact that Defendants actually requested payment ("now due and payable") and instructed Plaintiff who to pay ("Please contact the undersigned to make the final payment."). Because the collection letter focused on the commencement of foreclosure proceedings, this Court finds that a factual question exists as to whether the Defendants disclosed to the least sophisticated consumer that they were attempting to collect a debt.

■ Plaintiff also argues that the personal notice of sale was a debt communication and did not include the § 1692e(11) disclosure. Defendants claim that the personal notice of sale did not include the disclosure because it was not an attempt to collect a debt. Defendants maintain that the personal notice of sale was statutorily required to execute upon a secured interest. Pursuant to Article 9 of the Uniform Commercial Code § 9–504(3), a debtor is entitled to "reasonable notification of the time and place of any public sale."

■ Plaintiff concedes that the publicly announced Notice of Sale of a Cooperative Apartment Security as legal process does not fall under § 1692e(11). Plaintiff argues, however, that because the personal notice of sale was addressed to Plaintiff and made reference to the indebtedness, the personal notice of sale was a debt communication that required § 1692e(11) disclosure.[2] The Supreme Court has held that litigation activities may be subject to FDCPA requirements. *Heintz v. Jenkins*, —— U.S. ——, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995). Notwithstanding, here Defendants' personal notice of sale is not subject to § 1692e(11) notice requirements because it is not an attempt to collect a debt, nor an effort to obtain information. The personal notice of sale is an attempt to

---

2. Although Plaintiff makes no argument regarding the transmittal letter which accompanied the notices, Defendants address the issue in their brief. Nonetheless, the sole purpose of a trans-

mittal letter is to record the enclosed documents in a mailing, and therefore does not require § 1692e(11) notice.

satisfy conditions precedent to a foreclosure on a secured agreement. Moreover, the purpose of § 1692e(11), to prevent false or misleading representations by a debt collector to a debtor, is unoffended by an omission of § 1692e(11) disclosure in a foreclosure notice.

Finally, Plaintiff's argument that the personalized nature of the notice made it a debt communication fails to align the purpose of the notice with an attempt to collect a debt. The UCC required individual notice to Plaintiff and the fact that the Defendants, as a courtesy, included the general public notice of the sale with the personal notice should not be held against them.

## CONCLUSION

In summary, Plaintiff's motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted with regard to the § 1692g(3) violation and denied with regard to every other issue. In addition, the Court grants Defendants summary judgment *sua sponte* with regard to Plaintiff's claims that the validation notice was deficient because it was on a separate sheet of paper from the letter, that the validation notice violated § 1692g(5), and that the personal notice of sale violated § 1692e(11).

SO ORDERED.