**Tracey Johnson IGNATOWSKI, Plaintiff,**

v.

**GC SERVICES, Defendant.**

**No. CIV. 3:97CV00137(TPS).**

United States District Court,
D. Connecticut.

April 15, 1998.

188

Andrew Bottinick, Perkins & Mario, Milford, CT, Karen E. Reilly, Guilford, CT, for Tracy Johnson Ignatowski.

Donald P. Guerrini, Law Offices of George J. DuBorg, Glastonbury, CT, for GC Services.

### MEMORANDUM OF DECISION

SMITH, United States Magistrate Judge.

The plaintiff brings this action seeking damages for the defendant's alleged violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Ms. Ignatowski contends that a facsimile transmission sent by an employee of GC Services to her lawyer in connection with a debt she allegedly owed to Mitsubishi Motors Credit of America, Inc. ("Mitsubishi") violated 15 U.S.C. § 1692e(11) by failing to include the statutorily required disclosures. A bench trial was held on March 18, 1998, pursuant to 28 U.S.C. § 636(c). For the reasons that follow, the court finds that GC Services did not violate the FDCPA in its dealings with the plaintiff. Judgment shall therefore enter for the defendant.

### Background

Based on the parties' trial briefs and evidence adduced at trial, the court's findings of fact are as follows.

Michael Ignatowski, as lessee, and Ms. Ignatowski, as colessee, signed a lease dated November 28, 1994, for a 1995 Mitsubishi Monterro Wagon. On August 15, 1995, the Mitsubishi Monterro was sold at auction, having been repossessed by Mitsubishi for non-compliance with the terms of the lease. Mr. and Ms. Ignatowski sustained a deficiency balance of $8,344.23 to Mitsubishi.

On January 15, 1996, Mitsubishi assigned collection of the Ignatowski account to GC Services, a consumer collection agency. Responding to an inquiry by the plaintiff or the plaintiff's representative regarding the debt, Mr. R. Schonbrun, an employee of GC Services, sent a facsimile transmission to the plaintiff's attorney, Jonathan Perkins, Esq. on February 2, 1996.[1] The facsimile contained: (1) a copy of a letter from Mitsubishi to Mr. Ignatowski dated September 6, 1995, which contained the following statement: "Please be advised that your lease account has sustained a deficiency balance which you are legally obligated to pay."; and (2) a copy of the lease for the 1995 Mitsubishi Monterro which was the basis of the debt. Nowhere in the facsimile is there an explicit statement disclosing that GC Services was attempting to collect a debt and that any information obtained would be used for that purpose.

On January 22, 1997, the plaintiff commenced the present action seeking statutory damages for GC Services' alleged violation of the FDCPA.[2]

### Discussion

The plaintiff contends that the February 2, 1996, facsimile transmission violated the FDCPA in failing to contain the notice required by 15 U.S.C. § 1692e(11).[3] Specifical-

---

1. It is not clear from the record upon whose request Mr. Schonbrun sent the facsimile to the plaintiff's attorney. Furthermore, the defendant argued at trial that the plaintiff lacks standing to sue because the facsimile was sent in an effort to collect the debt from Mr. Ignatowski, and not the plaintiff. Since the defendant prevails on other grounds, the court assumes for the purposes of this decision that Ms. Ignatowski has standing to sue because her name was referenced on the cover sheet of the facsimile sent to Mr. Perkins, who is also Ms. Ignatowski's attorney.

2. The parties do not contest that under the Act: (1) the plaintiff is a consumer; (2) the defendant is a debt collector; (3) the facsimile is a communication; and (4) the facsimile was sent pursuant to the defendant's attempt to collect a debt.

3. Section 1692e(11) of the FDCPA was amended by Public Law 104–208, effective September 30, 1996. The amendment applies only to communications made after the date of enactment. Since the facsimile was sent on February 2, 1996, the

ly, the facsimile failed to disclose that it was a communication made to collect a debt and that any information obtained would be used for that purpose. The defendant responds to the plaintiff's allegations with two arguments. First, GC Services contends that it did not violate the FDCPA because the plaintiff's attorney knew or should have known that GC Services was attempting to collect a debt. Second, GC Services argues that even if the court finds that it failed to comply with the FDCPA's disclosures requirements, it should be excused from liability pursuant to 15 U.S.C. § 1692k(c) because such noncompliance was unintentional and resulted from a bona fide error.[4] The court is persuaded by the defendant's first argument. Therefore, it need not address the second.

Section 1692e prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. GC Services argues that it did not violate the FDCPA because it should have been clear to the plaintiff's attorney from the face of the facsimile that it was sent in an attempt to obtain payment of a debt and that any information furnished would be used for debt collection purposes. That the facsimile was sent to the plaintiff's attorney at the plaintiff or her representative's request further clarified that it was intended to collect a debt. Thus, the defendant argues, it did not engage in any deceptive or misleading practices in violation of the FDCPA.

The precise question before the court in the instant action is whether the disclosure required by § 1692e(11) must be included in communications to the debtor's attorney when the matters required to be disclosed would be clear to an attorney from the communication viewed in its context. There is no controlling authority in the Second Circuit on this threshold issue.[5] However, the Tenth Circuit in *Dikeman v. National Educators, Inc.*, 81 F.3d 949 (10th Cir.1996), directly addressed this question. This court is persuaded by their ruling.

In *Dikeman*, the defendant consumer collection agency sent verification of a debt to the plaintiff debtor at the plaintiff's request. Nowhere in the papers forwarded to the plaintiff was there a statement disclosing

court applies the earlier version of the statute to the case at bar.

Prior to the 1996 Amendment, it was a violation of the FDCPA to:

[f]ail to disclose clearly in all communications made to collect a debt or to obtain information about a consumer, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose. 15 U.S.C. § 1692e(11).

The court is aware of the Second Circuit case law instructing courts to strictly construe the disclosure requirement of § 1692e(11) when communicating with consumers. *See Emanuel v. American Credit Exchange*, 870 F.2d 805 (2d. Cir.1989) (all communications to the consumer must make the required disclosures); *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22 (2d Cir.1989) (statute requires that disclosures be present in all communications to a debtor). However, this case law is inapposite to the case at bar because here the communication was made to the debtor's attorney who, under this set of facts, is a learned intermediary. *See infra* note 7 for a discussion of the learned intermediary concept.

4. Section 1692k(c) states:

A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. 15 U.S.C. § 1692k(c).

5. The plaintiff points the court's attention to *Woolfolk v. Rubin*, No. N–88–266 (EBB), slip op. (D.Conn. November 9, 1989), which holds that the FDCPA applies to communications sent by an attorney debt collector to the debtor's attorney. *Id.* at 4. *Woolfolk*, however, involved a factual scenario distinct from the case at bar. Unlike the instant action, there was no evidence in *Woolfolk* that (1) the plaintiff or the plaintiff's representative requested the information or (2) the contents and intent of the communication was clear to the debtor's attorney. Given the factual differences between the two actions and the fact that the *Woolfolk* decision is not controlling, this court declines to follow the court's decision in *Woolfolk*.

The plaintiff also argues that the Second Circuit's decision in *Paulemon v. Tobin*, 30 F.3d 307 (2d Cir.1994), suggests that the FDCPA applies to correspondence directed to a consumer's attorney. However, in *Paulemon* the court addressed whether the defendant was considered a "debt collector" under the FDCPA. Thus, the Second Circuit did not reach the issue of whether the FDCPA applies to communications sent to a consumer's attorney.

that the debt collector was attempting to collect a debt and that any information obtained would be used for that purpose. However, the communication did contain: (1) a cover letter with the letterhead clearly stating "Continental Collection Agency, Ltd."; (2) a signed statement itemizing the outstanding debt; and (3) a copy of the lease agreement which was the basis of the debt. In a fact intensive determination, the court held that disclosure pursuant to § 1692e(11) would be "a pointless formality" and as such "was not required" where, as was the case in *Dikeman*, a communication is made to an attorney hired to represent a debtor who would know that the debt collector was attempting to collect a debt and that any information obtained would be used for that purpose. *Dikeman*, 81 F.3d at 953.

Based on the factual similarities between *Dikeman* and the present action,[6] this court is unable to conclude that there is a deceptive or misleading practice in the mere failure of a debt collector to disclose to a lawyer retained by the debtor what should be clear to the debtor's lawyer from the nature, content and context of the communication itself. In this case, the plaintiff or the plaintiff's representative instructed GC Services to contact the lawyer to whom the communication was made in the course of pursuing the collection matter. Furthermore, the facsimile contained: (1) a cover sheet with "GC Services" letterhead clearly indicating that the communication was from a representative of the defendant regarding the Ignatowski's deficient account; (2) a copy of a letter from Mitsubishi's Leasing Department itemizing the outstanding debt which included the

statement: "Please be advised that your lease account has sustained a deficiency balance which you are legally obligated to pay."; and (3) the original lease agreement which was the basis of the debt. Given this factual scenario, the court finds that the content of the facsimile, viewed in context, was more than adequate to disclose to an attorney hired to represent the debtor that the debt collector was attempting to collect a debt and that any information obtained would be used for that purpose. The prescribed statutory disclosure in a situation such as this would be a mere formality, one which § 1692e(11) of the FDCPA cannot be interpreted to require.

Congress explicitly stated in its purpose in enacting § 1692:

> It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

15 U.S.C. § 1692(e). It does not further this stated purpose to find the defendant in violation of the statute by failing to disclose that the communication was made in an effort to collect a debt when the plaintiff's lawyer's professional expertise would allow him to discern this fact easily without explicit disclosure. *See Dikeman*, 81 F.3d at 952 ("The legal implications of communicating with a debt collector would be especially within the professional competence of a lawyer hired to represent a client's interests in the debt collection process.").[7] Thus, the court cannot

---

**6.** The plaintiff attempts to distinguish *Dikeman* arguing that unlike the plaintiff's attorney in *Dikeman*, the plaintiff's counsel in the case at bar did *not* have actual knowledge that the debt collector was attempting to collect a debt. However, this is only one fact which the court in *Dikeman* relied upon in making its determination regarding the applicability of the relevant statutory provision. As such, this court follows the reasoning and holding in *Dikeman* without hanging its hat on the "actual knowledge" component of the *Dikeman* analysis.

**7.** The court emphasizes, as did the Tenth Circuit in *Dikeman*, that in making this determination the court relies heavily on the "learned intermediary" concept as well as the professional status

and representative role of the attorney as contrasted with that of a consumer. This decision does *not* hold that the disclosure requirement can be satisfied without fulfilling the statutory requirements in the case of direct communication with the debtor merely because the debtor is a sophisticated consumer or is informed about the law or a practicing lawyer. The court is aware that "[t]he FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon v. Jackson*, 988 F.2d 1314, 1315(2d Cir.1993); *see also Emanuel v. American Credit Exchange*, 870 F.2d 805, 808 (2d Cir.1989) (the debt collector must comply with both disclosure requirements, regardless of sophistication of the consumer).

agree that this is the type of activity which Congress intended to prohibit.

The FDCPA is intended to shield debtors against "false, deceptive or misleading" collection practices. 15 U.S.C. § 1692(e). In the case at bar, there is no evidence suggesting the use of such practices. The plaintiff's lawyer knew that GC Services was attempting to collect his client's debt and that the facsimile was sent per the plaintiff or her representative's request. As such, the disclosure requirements of § 1692e(11) would not afford any additional protection to the consumer in the instant action. It would be absurd in this case "to place a sword in the hands of the debtor." *Emanuel v. American Credit Exchange*, 870 F.2d 805, 807 (2d Cir. 1989). Accordingly, the court holds that the defendant did not violate § 1692e(11) of the FDCPA in its dealings with the plaintiff.[8]

### Conclusion

For all the foregoing reasons, judgment shall enter in favor of the defendant.

IT IS SO ORDERED.

---

[8]. This holding is limited to the facts of this case. The strict disclosure requirement of § 1692e(11) may in fact apply to certain situations involving a debt collector's communications with a debtor's attorney. For example, in a circumstance where failure to make the required disclosure would be misleading to the debtor's lawyer, strict statutory disclosure may be required.