**Pincus FASTEN, Plaintiff,**

v.

**Michael L. ZAGER, Defendant.**

**No. 98 CV 266 (NG).**

United States District Court,
E.D. New York.

May 20, 1999.

## MEMORANDUM AND ORDER

GERSHON, District Judge.

Plaintiff Pincus Fasten brings this action against defendant law firm Michael L. Zager, P.C., alleging violations of the Fair Debt Collection Practices Act ("FDCPA" or "Act"), 15 U.S.C. § 1692(e), (g) and (k). Plaintiff seeks statutory damages in the amount of $1000, plus attorneys' fees and costs. Both parties move for summary judgment.

## FACTS

Unless otherwise indicated, the following facts are undisputed. Plaintiff owed a debt amounting to $115.30 to Ellenville Hospital. The debt was forwarded to the Law Offices of Michael L. Zager, P.C., for the purpose of collection. Defendant's office sent a collection letter to plaintiff on January 15, 1997 regarding this debt. The letter plaintiff received from defendant's office stated in relevant part:

> The above account has been referred to this law office by Ellenville Hospital O/P for collection.

> If your account remains unpaid it will be reported to a major credit bureau. Adverse credit information can be kept on your credit record for five (5) years.

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Adam J. Fishbein, Brooklyn, NY, for plaintiff.

Robert L. Arleo, New York City, for defendant.

After receiving this letter, plaintiff telephoned defendant on January 23, 1997, and spoke with one of the defendant's collection representatives, later identified as Isa Haqq, about the alleged debt. Plaintiff conveyed to Mr. Haqq that he had insurance and that the insurance company covers his medical bills in full. Mr. Haqq informed plaintiff that his insurance company had denied his claim and plaintiff requested a copy of this denial. Mr. Haqq instructed plaintiff to contact his insurance company directly to obtain a copy of the denial.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party must demonstrate the absence of any material factual issue genuinely in dispute. *See id.* A material fact is one whose resolution would "affect the outcome of the suit under governing law," and a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The court must view the inferences to be drawn from the facts in the light most favorable to the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). However, the non-moving party may not "rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir.1986). The party must produce specific facts sufficient to establish that there is genuine factual issue for trial. *Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548.

Plaintiff in this case alleges violations of Sections 1692g and 1692e(8) of the FDCPA. The FDCPA is a strict liability statute and, therefore, does not require a showing of intentional conduct on the part of a debt collector. *See e.g., Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996). Further, a single violation of the FDCPA is sufficient to establish civil liability. *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir.1993). In determining whether a debt collector has violated the FDCPA, courts use an objective standard, measured by how the "least sophisticated consumer" would interpret the notice received from the debt collector. *See Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir.1993). "The Act is aimed at protecting consumers in general from abusive debt collection practices and the test is how the least sophisticated consumer— one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell*, 74 F.3d at 33. With these guiding principles, I turn to plaintiff's claims.

### Section 1692(g)(4)

Plaintiff argues that Mr. Haqq's direction to plaintiff over the telephone that plaintiff should seek verification himself from his insurance company violated 15 U.S.C. § 1692(g)(4) because it contradicted plaintiff's right, as explained in the collection letter, to dispute the debt. Section 1692g of the Act provides that, when an independent debt collector solicits payment from a consumer, it must—within five days of the initial communication— provide the consumer with a detailed validation notice. The notice must include the amount of the debt, the name of the creditor, a statement that the debt's validity will be assumed unless disputed by the consumer within 30 days, and, pursuant to Subsection 4 of Section 1692g, the validation notice must contain "a statement

that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector." "When a notice contains language that 'overshadows or contradicts' other language informing a consumer of her rights, it violates the Act." *Russell,* 74 F.3d at 34 (citation omitted). A debt collection notice violates this principle if it would make the least sophisticated consumer uncertain as to her rights. *Id.* at 35.

■ There is no material dispute as to the contents of the conversation between plaintiff and defendant's representative, Mr. Haqq, which plaintiff alleges contradicted the validation notice of the collection letter that plaintiff received. The cases relied on by plaintiff to support his argument that the information provided in the telephone conversation between plaintiff and defendant's representative violated Section 1692(g) are inapposite. In those cases, the court found that a particular collection letter violated Section 1692(g) because the letter contained a contradictory message or overshadowed the validation notice. *See, e.g., Russell,* 74 F.3d at 33–36; *Miller v. Payco–Gen. Am. Credits, Inc.,* 943 F.2d 482 (4th Cir.1991); *Swanson v. S. Oregon Credit Serv., Inc.,* 869 F.2d 1222, 1225 (9th Cir.1991). That is not the case here. Applying the least sophisticated consumer standard, I conclude that defendant's debt collection letter, containing the validation notice, contains neither contradictory nor overshadowing language and, thus, does not mislead the consumer. Indeed, none of the language of the debt collection letter here, standing alone, would "make the least sophisticated consumer uncertain as to her rights." *See Savino v. Computer Credit, Inc.,* 164 F.3d 81, 85 (2d Cir.1998); *Russell,* 74 F.3d at 35.

■ Insofar as plaintiff argues that the message conveyed by defendant's collection representative over the telephone was misleading and contradicts the validation notice, defendant correctly notes that, since plaintiff failed to request verification of the debt in writing, as expressly required by the validation notice and Section 1692g(4), defendant was under no legal obligation to provide verification of the debt. Under Section 1692g(4), verification is triggered only by the consumer writing a letter to the debt collector. Here, plaintiff's telephone call to defendant did not constitute such a request for verification. Accordingly, while defendant informed plaintiff when he called that his insurance company had not paid his bill, defendant was under no legal obligation to obtain verification of the debt by contacting the insurance company for a copy of the letter denying plaintiff's claim. Plaintiff's claim under Section 1692(g) is thus without merit.

### Section 1692(e)

■ The FDCPA establishes a general prohibition against the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The sixteen subsections of Section 1692e set forth a non-exhaustive list of practices that fall within this ban. A single violation of Section 1692e is sufficient to establish civil liability under the FDCPA. *See Clomon,* 988 F.2d at 1318; 15 U.S.C. § 1692k (establishing civil liability for "any debt collector who fails to comply with any provision of this subchapter").

■ Plaintiff asserts that Mr. Haqq's statements to him over the telephone violated 15 U.S.C. § 1692(e) because they deceived him by directing him to seek verification himself. As discussed above with respect to plaintiff's Section 1692(g) claim, the message conveyed to plaintiff over the telephone by defendant's collection representative was neither misleading nor false. Plaintiff never made a request

for verification in writing and, thus, defendant was under no legal obligation to obtain verification of the debt by contacting the insurance company for a copy of the letter denying plaintiff's claim. Accordingly, plaintiff's Section 1692(e) claim is also without merit.

■ In addition, plaintiff argues that the collection letter's representation that the alleged debt could remain on the plaintiff's credit reports for a period of five years violated 15 U.S.C. § 1692e(8), which makes illegal "communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." This standard "requires no notification by the consumer at all, let alone a written communication. It depends solely on the debt collector's knowledge, . . . ., regardless of how or when the collector acquires that knowledge." *Ong v. Am. Collections Enter.*, No. 98–CV–5117, 1999 WL 51816, at *3 (E.D.N.Y. Jan.15, 1999) (citation omitted).

■ Under the Fair Credit Reporting Act, adverse credit information may not be reported if it is over seven years old. 15 U.S.C. § 1681c. Thus, credit or consumer reporting agencies may legally keep adverse credit information on a consumer's credit report for seven years. Here, the provision in the collection letter received by plaintiff indicated that adverse credit information could remain on the plaintiff's credit reports for a period of five years. Defendant asserted on oral argument that this statement was not false because *defendant* could keep such information on plaintiff's credit report for only five years. However, defendant is a debt collector, not a credit or consumer reporting agency and, thus, has no control over the period of time for which credit reporting agencies may keep adverse credit information on a consumer's credit report. Accordingly, applying the least sophisticated consumer standard, I find that defendant violated Section 1692e(8) by commu-

nicating to plaintiff false credit information in the collection letter which defendant, a law firm and a professional debt collector, should have known to be false. Thus, plaintiff's motion for summary judgment on this claim is granted.

**Statutory Damages**

■ Plaintiff has neither pled nor proved that he sustained any injury as a result of defendant's violation of Section 1692(e)(8) and, thus, he is not entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1). *See Emanuel v. Am. Credit Exch.*, 870 F.2d 805, 809 (2d Cir.1989); *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir.1989). Plaintiff seeks the maximum "additional damages" provided for by Section 1692k(a)(2)(A) and leave to file a motion for attorneys' fees and costs.

■ "The decision whether to award statutory [additional] damages under the FDCPA and the size of the award are matters committed to the sound discretion of the district court." *Savino*, 164 F.3d at 86 (citation omitted). "All that is required for an award of statutory damages is proof that the statute was violated, although a court must then exercise its discretion to determine how much to award, up to the $1,000 ceiling." *Id.* (citation omitted). The district court must "consider the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the extent to which such noncompliance was intentional, and other relevant factors in deciding the amount of any 'additional damages' awarded." *Id.* (citations omitted).

■ Here, while the January 15 collection letter violates one provision of the FDCPA, Section 1692(e)(8), the nature of defendant's sole noncompliance was minor, if not *de minimus*, and there is no evidence that defendant's noncompliance was frequent, persistent or intentional. *See Emanuel*, 870 F.2d at 809; *Pipiles*, 886 F.2d at 28. There is no reason to believe

that the defendant's error would have had any effect on the consumer, that is, that a consumer would have responded differently to the notice had he or she been advised that the debt would remain on his or her credit report for seven years, rather than five years. Accordingly, plaintiff's request for additional damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) is denied.

Nonetheless, the Second Circuit has held that, if there is a violation of the FDCPA, even in the absence of an award of damages, Section 1692k(a)(3) requires the award of costs and a "reasonable attorney's fee as determined by the court." *See id. Cf. Bonner v. Guccione*, 178 F.3d 581, 593 (2d Cir.1999) (reaching a different result under Title VII).

### CONCLUSION

Plaintiff's motion for summary judgment is denied in all respects, except that it is granted on the Section 1692(e)(8) claim. Plaintiff is not awarded actual or additional damages pursuant to 15 U.S.C. § 1692k. If plaintiff chooses to pursue a request for attorneys' fees and costs, plaintiff is directed to file papers in support of his application within 10 days of the date of this order. The application must allocate the portion of the total fees and costs incurred in this entire lawsuit which is attributable to the sole violation. If plaintiff files such an application and supporting papers, defendant shall have one week to respond.

**SO ORDERED.**