# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1778

_____

Lester E. Cox Medical Center,                *
Springfield, Missouri, d/b/a/                 *
Ozark Professional Collections,               *
                                              *
                Appellee,                     *
                                              *
        v.                                    *
                                              *
Joe Huntsman; Cary Huntsman,                  *
                                              *
                Appellants.                   *
                                              *

_____

No. 04-1797

_____

Appeals from the United States
District Court for the
Western District of Missouri.

Lester E. Cox Medical Center,                *
Springfield, Missouri, d/b/a                  *
Ozark Professional Collections,               *
                                              *
                Appellant,                    *
                                              *
        v.                                    *
                                              *
Joe Huntsman; Cary Huntsman,                  *
                                              *
                Appellees.                     *

_____

Submitted: January 14, 2005
Filed: June 1, 2005
_____

Before MURPHY, McMILLIAN, and SMITH, Circuit Judges.
_____

SMITH, Circuit Judge.

In this Fair Debt Collection Practices Act case, both creditor and debtor appeal the district court's[1] decision. Debtors Joe and Cary Huntsman (the Huntsmans) appeal, seeking imposition of statutory damages against creditor Lester E. Cox Medical Center (Cox). Cox cross appeals from summary judgment entered in favor of the Huntsmans, contending that the district court erred in determining that it used a false and misleading name to collect a debt. We find no error and affirm.

## I. *Background*

Cary Huntsman received medical treatment through Cox. The Huntsmans believed the medical bill for the procedure was unreasonably high. Joe Huntsman sent a letter to Cox stating he would not pay his wife's bill until he received a statement completely itemizing the charges. Cox did not respond. Joe Huntsman sent Cox a second letter regarding the itemized bill. Cox then sent the Huntsmans a notice of delinquency for the amount due. Following receipt of this notice, the Huntsmans paid part of the bill. Cox sent the Huntsmans a statement reflecting the balance owed after receipt of the partial payment. This statement also indicated that the account was seriously past due and would be turned over for collection unless paid in full.

_____

[1]The Honorable Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

Cox referred the Huntsmans' account to Ozark Professional Collections (Ozark), a fictitious registrant of Cox, who notified the Huntsmans that their account had an over due balance, including a 20% collection fee. Joe Huntsman sent Ozark a letter contesting the bill. Ozark then sent a second statement reflecting the balance due and acknowledging the Huntsmans were disputing the debt. The same day, Ozark sent a report to Equifax indicating that Cary Huntsman owed Cox a debt and that Cary Huntsman disputed the debt.

When the Huntsmans still refused to pay, Cox obtained legal counsel who then sent the Huntsmans a letter stating that he had been retained to collect the entire balance owed to Cox. The letter said Cox would file suit if the entire balance was not paid within ten days. The Huntsmans did not respond and Cox sued the Huntsmans in Missouri state court. Cox subsequently removed the case to the United States District Court for the Western District of Missouri because the Huntsmans raised numerous violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*., as counterclaims.[2] The parties filed cross motions for summary judgment.

The district court granted summary judgment for the Huntsmans concluding that Cox had violated the FDCPA. The court found that the Huntsmans were consumers,[3] a debt existed,[4] and Cox was a debt collector[5] who participated in interstate commerce.[6] The district court determined that Cox used a false and

---

[2]Cox had been previously sued on two occasions for similar FDCPA violations.

[3]15 U.S.C. § 1692a(3)

[4]15 U.S.C. § 1692a(5)

[5]15 U.S.C. § 1692a(6)

[6]15 U.S.C. § 1692a(6)

misleading name to collect its debts in violation of the FDCPA. The parties agreed to submit the question of damages to the court by briefing, legal argument, and new documentary and affidavit evidence. The district court reviewed the evidence and awarded the Huntsmans nominal damages of one dollar. Both parties were dissatisfied with the judgment. The Huntsmans now appeal the damage award and Cox appeals the court's conclusion that Cox used a false and misleading name to collect its debts in violation of the FDCPA.

## II. *Discussion*
### A. *Summary Judgment and Standard of Review*

We review a district court's decision to grant summary judgment de novo. *Bowen v. Mo. Dep't of Soc. Servs.*, 311 F.3d 878, 880 (8th Cir. 2002). Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is properly granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). We review the evidence in the light most favorable to the nonmoving party. *Ludwig v. Anderson*, 54 F.3d 465, 470 (8th Cir. 1995). The nonmoving party must show the existence of facts on the record which create a genuine issue. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995).

### B. *Violation of the Anti-Fraud Provisions of the FDCPA*

Cox argues that the district court erred in finding that it violated the anti-fraud provisions of the FDCPA by using its registered name "Ozark Professional Collections" to collect debt, rather than the name Lester E. Cox Medical Center. Cox contends that Ozark did not engage in fraudulent or misleading conduct under 15 U.S.C. § 1692e(14). Specifically, Cox avers that because § 1692a(6) contemplates situations in which a creditor will use a name other than its own in collecting debt, nothing it did was misleading. Cox cites two cases in which it believes courts have concluded that a registered name is the true name for FDCPA purposes. Additionally,

Cox argues that Cox and Ozark were truly separate entities and thus it did not violate the Act. We hold that the district court did not err in finding a violation of the FDCPA.

Cox acknowledges being a debt collector for FDCPA purposes. *See* § 1692a(6). Designation as a debt collector is the starting point for liability under the statute, not the end. Section 1692a(6) works in concert with § 1692e(14). Section 1692e outlines sixteen types of conduct that violate the Act. Relevant to this case, § 1692e(14) provides that a debt collector violates the FDCPA when it uses "any business, company, or organization name other than the true name of the debt collector's business, company, or organization." The district court found Cox did just that by using the name "Ozark Professional Collections" to collect its debts.

Although an acknowledged debt collector, Cox contends it did not violate the Act through use of "Ozark Professional Collections" because it is a registered name for Cox and thus a "true name" for purposes of the Act. Cox cites two district court cases in support of this position: *Orenbuch v. North Shore Health Sys., Inc.*, 250 F. Supp. 2d 145, 151–52 (E.D.N.Y. 2003) and *Moore v. Nat'l Account Sys., Inc.*, 1991 WL 313896 (D. Conn. 1991). Cox's reliance on these cases is unpersuasive. Unlike Cox and Ozark, in *Orenbuch,* the debt collector and affiliate corporation were actually separate entities. In *Moore*, no affiliation issue was raised.

Finally, Cox argues that Cox and Ozark are indeed separate entities. We cannot agree. The evidence shows that Cox owns and controls Ozark. Cox is the registered owner and user of the d/b/a "Ozark Professional Collections." Ozark is an unincorporated division of Cox. Approximately 90% of the debt collected by Ozark is for Cox and 10% is for other creditors. All of Ozark's workers are paid and employed by Cox. Cox does all the accounting for Ozark. Ozark's mail is picked up and delivered by Cox's shuttle service and is mailed through Cox's mail room. Cox's chief financial officer, Larry Pennel, controls the amount of vacation time for Ozark

workers. If an Ozark worker is terminated, Cox's human resource department sends the COBRA medical coverage notice to the employee, and determines vacation pay. The Ozark training manual instructs its workers to advise Cox if an attorney asks about Ozark's ownership. If a debtor inquires as to ownership, the manual instructs the worker to "advise them we are not authorized to release ownership, but [the debtor is] welcome to speak with someone in management." The district court did not err.

### C. *Award of Damages Under the FDCPA*

The Huntsmans, without case support, urge us to adopt a de novo standard of review for the district court's damage award. We decline to do so. The Act grants discretion to the district court in assessing statutory damages. *See* 15 U.S.C. § 1692k(a)(2)(A) (providing statutory damages shall be awarded as the court may allow); *see also Savino v. Comp. Credit, Inc.*, 164 F.3d 81, 86 (2d Cir. 1998); *Clomon v. Jackson*, 988 F.2d 1314, 1322 (2d Cir. 1993). We hold that the correct standard of review is for abuse of discretion. Abuse of discretion occurs "if the district court reaches its conclusion by applying erroneous legal principles or relying on clearly erroneous factual findings." *Randolph v. Rodgers*, 170 F.3d 850, 856 (8th Cir. 1999).

The Huntsmans seek the maximum $1000 damage amount provided by 15 U.S.C. § 1692k(a)(2)(A). The Act provides that creditors who violate the Act are liable to the debtor for (1) any actual damage sustained; and (2) for additional damages "as the court *may* allow," not exceeding $1,000. 15 U.S.C. § 1692k(a)(1)–(2)(A) (emphasis added). The Huntsmans contend Congress intended that this sum be awarded "irrespective of actual damages." The Huntsmans suffered no actual damages.

To be eligible for statutory damages, the Hunstmans had to establish that the Act had been violated, *Peters v. Gen. Serv. Bureau, Inc.,* 277 F.3d 1051, 1054–55 (8th Cir. 2002), which the Huntsmans did. But that does not end the inquiry. In

assessing statutory damages, a district court considers: (1) the frequency and persistence of non-compliance; (2) the nature of such non-compliance; (3) the extent to which the non-compliance was intentional. 15 U.S.C. § 1692k(b)(1).

The district court found Cox's noncompliance with the Act to be "not frequent, persistent, or intentional and minor in nature." For *de minimis* or technical violations, some courts refuse to award statutory damages. *See Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir. 1989) (determining that the nature of defendant's noncompliance did not warrant statutory damages); *Fasten v. Zager*, 49 F. Supp. 2d 144, 150 (E.D.N.Y. 1999) (holding the defendant's noncompliance was minor and plaintiff was not entitled to statutory damages).

In applying § 1692k(b)(1), we cannot say the district court abused its discretion in declining to award statutory damages.

### III. *Conclusion*

For the foregoing reasons we affirm the district court's decision.

_____